1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Hagop T. Bedoyan, #131285
      *hagop.bedoyan@mccormickbarstow.com*
3  Garrett R. Leatham, #333362
      *garrett.leatham@mccormickbarstow.com*
4  Garrett J. Wade, #340285
      *garrett.wade@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300

Proposed Attorneys for RIZO-LÓPEZ FOODS
INC., Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-25004-C |
| RIZO-LÓPEZ FOODS, INC., | Chapter 11 |
| Debtor. | DC No.: MB-07 |
| | Hearing |
| | Date:    September 19, 2025<br>Time:    9:00 a.m.<br>Place:    Dept. C, Ct. Rm. 35, 6th Fl.<br>         United States Bankruptcy Court<br>         501 "I" Street<br>         Sacramento, CA 95814 |
| | Judge:    Honorable Christopher M. Klein |

**DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING SECURED POST PETITION FINANCING, (B) GRANTING POST-PETITION LIENS AND SUPER PRIORITY CLAIMS, (C) GRANTING RELIEF FROM STAY, AND (D) LIMITING PREPETITION LIENS PURSUANT TO BANKRUPTCY CODE SECTION 552(B)**

Rizo-Lopez Foods, Inc., debtor and debtor in possession in the above-referenced case ("Debtor") hereby submits this motion for an order authorizing post-petition debtor-in-possession financing from insiders Ivan Rizo and Edwin Rizo (the "Rizo Lenders")[1] pursuant to Sections 364(c)

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Postpetition Loan

of the Bankruptcy Code (the "Motion"). The Motion also seeks approval of postpetition liens on Debtor's assets, and superpriority claims under Section 507 of the Bankruptcy Code to the extent the postpetition liens are insufficient. To clarify the priority of the liens of the Rizo Lenders, the Motion seeks an order, pursuant to Section 552 of the Bankruptcy Code, limiting the prepetition liens of Wells Fargo Bank and other secured creditors on postpetition assets of Debtor and the postpetition increase in value of proceeds and products of the collateral of Wells Fargo and the other secured creditors.

The Motion seeks interim relief pursuant to Federal Rule of Bankruptcy Procedure 4001(c)(2) in order to avoid immediate and irreparable harm to the estate pending a final hearing. The Motion also requests the Court to set a final hearing on not less than 14 days' notice. A copy of the proposed interim order approving the Motion is attached to the Exhibit List as Exhibit A.

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. These matters have been referred to this Court by the U.S. District Court, Eastern District of California, pursuant to 28 U.S.C. § 157(a) and the *Order[s] Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, Gen. Order Nos. 182 (May 14, 1985) and 223 (E.D. Cal. Oct. 22, 1987). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    FACTUAL BACKGROUND AND EVENTS LEADING TO FILING

2. A discussion of Debtor's background and the events leading to the filing of the Case is set forth in accompanying memorandum of points and authorities filed concurrently with the Motion.

## III.    REQUIRED DISCLOSURES FOR FINANCING MOTIONS (FED. R. BANKR. PRO. 4001(C)(1)(B), LOCAL RULE 4001(C)

3. Pursuant to Federal Rule of Bankruptcy Rule 4001(c)(1)(B) and Local Rule 4001-(c), Debtor makes the following required disclosures.

///

///

A. **Material Provisions of the Proposed Credit Agreement**

| Required Disclosure | Term | Location in Documents | Effective if Interim Relief Is Granted? |
|---|---|---|---|
| Interest Rate | 10% | Promissory note, Introductory Paragraph | Yes |
| Maturity Date | Earlier of November 15, 2026, or confirmation of a plan, unless event of default | Promissory Note, Paragraph 1 | Yes |
| Events of Default | Breach of Postpetition Loan Agreement, Promissory Note, Security Agreement, breach of representations and warranties. | Postpetition Loan Agreement, Paragraph 8; Promissory Note, Paragraph 4; Security Agreement, Paragraph 6. | Yes |
| Liens | All Personal Property | Security Agreement, Paragraph 1 | Yes |
| Borrowing Limits. | $3,760,000 | Postpetition Loan Agreement, Paragraph 2.a | Yes |
| Borrowing Conditions | Absence of Default | Postpetition Loan Agreement, Paragraph 3 | Yes |

B. **Nature and Extent of Specific Provisions**

4. Rule 4001(c)(1)(B) of the Federal Rules of Bankruptcy Procedure requires the motion to describe the following provisions of the Postpetition Loan Documents, to the extent they are included in the proposed financing transaction. The items and disclosures below correspond to the categories set for in Rule 4001(c)(1)(B)(i)-(ix).

| Required Disclosure | Provision | Location in Documents | Effective if Interim Relief Is Granted? |
|---|---|---|---|
| (i) a grant of priority or a | The Security Agreement | Security | Yes, to the |

| | | | |
|---|---|---|---|
| lien on property of the estate under §364(c) or (d) | grants the Rizo Lenders a lien on all personal property assets. | Agreement, paragraph 1 | extent of interim advances |
| (ii) the providing of adequate protection or priority for a claim that arose before the case commenced—including a lien on property of the estate, or its use, or of credit obtained under §364 to make cash payments on the claim | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| (iii) a determination of the validity, enforceability, priority, or amount of a claim that arose before the case commenced, or of any lien securing the claim | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| (iv) a waiver or modification of Code provisions or applicable rules regarding the automatic stay | The Postpetition Loan Documents & Proposed Order provide that the Lenders will have relief from stay, upon 5 court days' notice, without the need for any further action of the Lender or this Court, to the extent necessary to permit Lender to exercise any of its rights and remedies under the Postpetition Loan documents, including, but not limited to, the right to demand Debtor turnover any or all Collateral for disposition pursuant to Lender's rights under the Security Agreement. | Postpetition Loan Agreement, paragraph 10 | Yes |
| (v) a waiver or modification of an entity's right to file a plan, seek to extend the time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under §363(c), or request authorization to obtain credit under §364 | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| (vi) the establishment of deadlines for filing a plan of reorganization, | Neither the Postpetition Loan Documents nor the proposed order contain any | N/A | N/A |

| | | | |
|---|---|---|---|
| approving a disclosure statement, holding a hearing on confirmation, or entering a confirmation order | of these provisions. | | |
| (vii) a waiver or modification of applicable nonbankruptcy law regarding perfecting or enforcing a lien on property of the estate | The proposed order provides that the order is conclusive evidence of the validity, enforceability and priority of the liens granted to the Rizo Lenders, and that no further action is necessary to perfect such liens. | Proposed Order, paragraphs 6 and 12 | Yes |
| (viii) a release, waiver, or limitation on a claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| (ix) the indemnification of any entity | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| a release, waiver, or limitation of any right under §506(c); | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |
| the granting of a lien on a claim or cause of action arising under §544, 545, 547, 548, 549, 553(b), 723(a), or 724(a) | Neither the Postpetition Loan Documents nor the proposed order contain any of these provisions. | N/A | N/A |

C. **Disclosures under Local Rule 4001-1(c)**

| Required Disclosure | Provision | Location in Documents | Effective if Interim Relief Granted |
|---|---|---|---|
| Cross-collateralization clauses, i.e., clauses that secure pre-petition debt by post-petition assets in which the secured party would not otherwise have a security interest by virtue of its prepetition security agreement. See 11 U.S.C. § 552. | None | N/A | N/A |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, | The provisions of the proposed order confirm the | Proposed Order, paragraphs 5, |  Yes |

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5

| | | | |
|---|---|---|---|
| perfection, or amount of the secured party's lien or debt. | validity, enforceability and priority of the Rizo Lenders' liens securing the Postpetition Borrowing. | 6 and 7. | |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the relative priorities of the secured party's lien and liens held by persons who are not parties to the stipulation. (This would include, for example, an order approving a stipulation providing that the secured party's lien is a "first priority" lien.) | The proposed order provides that the Rizo Lender's liens securing postpetition borrowing are junior only to the Wells Fargo prepetition liens and other existing liens, as limited pursuant to 11 U.S.C. Section 552. | Proposed Order, paragraphs 5, 6, 7 and 8. | Yes |
| Waivers of 11 U.S.C. § 506(c), unless the waiver is effective only during the period in which the debtor is authorized to use cash collateral or borrow funds. | None | N/A | N/A |
| Provisions that operate to divest the debtor-in-possession of any discretion in the formulation of a plan or administration of the estate or limit access to the court to seek any relief under other applicable provisions of law. | None | N/A | N/A |
| Releases of liability for the creditor's alleged pre-petition torts or breaches of contract. | None | N/A | N/A |
| Waivers of avoidance actions arising under the Bankruptcy Code. | None | N/A | N/A |
| Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee. | None | N/A | N/A |
| Waivers of the procedural requirements for foreclosure mandated under applicable nonbankrupt law. | None | N/A | N/A |
| Adequate protection provisions that create liens on claims for relief arising under the Bankruptcy Code (see 11 U.S.C. §§ 506(c), 544, 545 and 547-549). | None. | N/A | N/A |
| Waivers, effective on default or expiration, of the debtor's right to move for a court order pursuant to 11 | None | N/A | N/A |

U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent.

### IV. THE PROPOSED POSTPETITION FINANCING

5.  Debtor seeks to enter into a postpetition financing arrangement with the Rizo Lenders. The arrangement consists of a postpetition loan agreement (the "Postpetition Loan Agreement") that provides for a loan (the "Postpetition Loan") of up to $3,760,000. (The Postpetition Loan Agreement is attached to the Exhibit List as Exhibit B.) The Postpetition Loan will accrue interest at a rate of 10% per annum and will be due on November 15, 2026. Debtor is entitled to prepay the loan as funds are available.

6.  The Postpetition Loan will be memorialized by a Promissory Note (the "Promissory Note.") (The Promissory Note is attached to the Exhibit List as Exhibit C.) The Debtor's obligations under the Postpetition Loan, the Postpetition Loan Agreement, and the Promissory Note, are secured by a security agreement (the "Security Agreement.")[2] The Security Agreement is attached to the Exhibit List as Exhibit D. Debtor has also agreed to provide the Rizo Lenders with a superpriority administrative claim pursuant to Section 507(b), but the Rizo Lenders have agreed that this superpriority administrative claim is subordinate to (i) fees of the Office of the United States Trustee, and (ii) allowed administrative expenses of Chapter 11 professionals.

7.  Debtor seeks authority to obtain an immediate initial draw on the Postpetition Loan on an interim basis in the amount of $3,230,000 pending a final hearing. Debtor's proposed budget, showing the funds needed to continue its business and avoid irreparable harm, is attached to the Exhibit List as Exhibit E. Debtor seeks final authority to enter into the Postpetition Loan Documents after a final hearing on not less than 14 days' notice to creditors. The total borrowing capacity under the Postpetition Loan Documents, after a final hearing, will be $3,760,000.

///

///

---

[2] The Postpetition Loan Agreement, the Security Agreement and the Promissory Note are referred to as the "Postpetition Loan Documents."

## V. CONCLUSION

WHEREFORE, Debtor requests the Court to

1. Grant the Motion;

2. Enter an interim order in the form attached to the Exhibit List as Exhibit A;

3. Schedule a final hearing on the Motion on not less than 14 days' prior notice to parties entitled to notice of this Motion; and

4. Grant such further relief as is appropriate.

Dated: September 16, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ Hagop T. Bedoyan
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
Attorneys for Debtor RIZO-LÓPEZ FOODS INC.

042026-000000 11909575.1

8