McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
   hagop.bedoyan@mccormickbarstow.com
Garrett R. Leatham, #333362
   garrett.leatham@mccormickbarstow.com
Garrett J. Wade, #340285
   garrett.wade@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Proposed Attorneys for Debtor in Possession
RIZO-LÓPEZ FOODS INC.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RIZO-LÓPEZ FOODS, INC.,<br><br>            Debtor in Possession | Case No. 25-25004-C<br><br>Chapter 11<br><br>DC No.: CAE-1<br><br>Hearing<br><br>Date:    October 3, 2025<br>Time:   3:00 p.m.<br>Place:   Dept. C, Ct. Rm. 35, 6th Fl.<br>         United States Bankruptcy Court<br>         501 "I" Street<br>         Sacramento, CA 95814<br><br>Judge:  Honorable Christopher M. Klein |

## CHAPTER 11 STATUS CONFERENCE STATEMENT

Rizo Lopez Foods, Inc. (the "Debtor" or "RLF"), the debtor and debtor in possession in the above captioned chapter 11 case ("Bankruptcy Case"), hereby submits this Chapter 11 Status Conference Statement pursuant to this Court's *Order re Chapter 11 Status Conference and Notice Thereof* [ECF 04] ("Status Conference Order").

///

///

///

## I. BACKGROUND

### A. Description of Rizo Lopez Foods, Inc.

1. Debtor is a family built and run company with a strong commitment to its consumers and employees. The Debtor became incorporated in the State of California in 1990 for the purposes of selling and distributing high quality Mexican and Central American cheese products in the bay area and specifically the Mission District in San Francisco. In 1991, Debtor started making its own Mexican-style cheeses and creams. Evan Rizo and Iván Rizo, joined the company in 1995 and opened the first production plant in Riverbank, California. After reaching capacity in Riverbank, Debtor moved its business operations in 2012 to Modesto, California to be closer in proximity to its dairy suppliers and to have ample space to grow.

2. Over the last ten years, Debtor expanded its distribution nationwide. Debtor's products can be found at grocery stores and retail deli counters throughout the country. In total, Debtor grew to more than 320 employees and producing approximately 40 million pounds of cheese and 10 million pounds of creams annually under the "Don Francisco," "Tio Francisco" and "Rizo Bros" brand names. Debtor prides itself in linking back to its rich family heritage, using Old World recipes that have been passed down for generations and traditional techniques to produce artisan-crafted, award-winning cheeses.

3. Debtor has won multiple awards from the American Cheese Society, United States Champion Cheese Contest, and the World Dairy Expo Championship Dairy Product Contest.

4. Additional information regarding the Debtor's business, capital structure, and the circumstances preceding the Petition Date may be found in the Edwin Rizo Declaration ECF 7.

## II. DISCUSSION OF ITEMS IDENTIFIED IN THE STATUS CONFERENCE ORDER

### A. Administrative Solvency, Professional Fees, and § 503(b)(9) Claims

5. **Administrative Solvency.** The Debtor anticipates it will remain administratively solvent for the period covered by the 13-week budget (the "CC Budget") attached to interim cash collateral order (ECF Doc 25), since the Debtor's two owners are providing debtor-in-possession financing in the amount of $3,760,000. Debtor is also actively engaged in securing "take-out" financing through a third-party lender/investor in the approximate amount of $15,000,000. That

loan will be sufficient to refinance the Wells Fargo Bank and Wells Fargo Equipment secured debt and leave roughly $3,000,000 to $4,000,000 for operating expenses.

6. **Professional Fees**. As described further below, the Debtor will be filing several employment applications to employ professionals in this case and has budgeted a total of $2,077,000. See, CC Budget. The Debtor anticipates filing the first set of interim fee applications in early November 2025 for the partial month of September and October 2025. Hearings on the first interim fee applications should take place before the end of 2025.

7. **Section 503(b)(9) Claims**. The Debtor is still reviewing its records to determine the nature, extent, and validity of claims against it. As of the date of this report, the Debtor estimates that there may be approximately nine (9) § 503(b)(9) claims for a total of $425,000. The CC Budget contemplates payment of all such claims in weekly installments starting in the week ending October 10, 2025, subject to first obtaining bankruptcy court authorization after noticed motion.

B. **Motions for Relief from the Automatic Stay**

8. No motions for relief from the automatic stay have been filed.

9. **Motions Under 11 U.S.C. § 365(d)(3) or (d)(4)**

10. No such motions have been filed to date, but the Debtor expects to file a motion to assume its two nonresidential real property leases for its Modesto and Gardena locations prior to the 120-day deadline set forth in § 365(d)(4). Postpetition lease payments have been scheduled in the CC Budget for the week ending October 3, 2025, but no payments will be made without first obtaining an order from the court authorizing those items in a final cash collateral order. The two lessors for the Modesto and Gardena locations are entities controlled by the Debtor's insiders.

C. **Status of any Stipulations or Motions to Use Cash Collateral or Obtain Credit**

11. Debtor's Motion [MB-6] for Order Authorizing Use of Cash Collateral and Granting Adequate Protection [ECF 25] filed on September 16, 2025, and Debtor's Motion for Order (A) Authorizing Secured Post-Petition Financing, (B) Granting Post-Petition Liens and Super Priority Claims, (C) Granting Relief From Stay, and (D) Limiting Pre-Petition Liens Pursuant to Bankruptcy Code Section 552 (B) [ECF 29] also filed on September 16, 2025, came before the court on September 19, 2025. Both motions were approved on an interim basis and final hearings have been

scheduled for October 8, 2025 at 11:00 a.m.

### D. Employment of Professionals

12. **Pending Employment Applications.** No employment applications have been filed since the Debtor's case was only commenced on September 15, 2025; however, the Debtor expects to seek the employment of the following professionals no later than 30-days from September 15, 2025: McCormick Barstow, LLP (general bankruptcy counsel); Lou Friedman and the Gianelli Friedman, Jeffries McKernan (general corporate counsel); Caroline Massey and Dinsmore & Shohl LLP (insurance defense counsel); The Stapleton Group (financial advisors); Donlin Recano & Company LLC (156c and 327 financial advisor) R. A Capital Advisors, LLC (financial advisors); Juarez, Zarate & Company, CPA's (accountants for the estate). The Debtor reserves the right to modify or supplement this list.

### E. Motions to Convert, Dismiss, or Appoint a Chapter 11 Trustee

13. No such motion have been filed.

### F. Intentions Concerning Reorganization Plan and Timetable for Disclosure Statement and Plan

14. It is premature to fix a timetable for the filing of a Disclosure Statement and Plan at this time.

### G. Monthly Operating Reports, Debtor-in-Possession Accounts, Payment of U.S. Trustee's Quarterly Fees, and Proof of Insurance

15. **Monthly Operating Reports.** The Debtor intends to file its first Monthly Operating Report for September 2025 on or before an October 21, 2025, deadline. The Debtor intends to file a motion to extend 14-day deadline otherwise mandated by LBR 2015-1.

16. **Debtor-in-Possession Accounts.** The Debtor currently maintains bank accounts at Bank of America and Wells Fargo Bank. The Wells Fargo Bank accounts have nominal balances and will be closed. The Bank of America accounts have been converted to Debtor-in-Possession accounts.

17. **U.S. Trustee's Fees.** The Debtor intends to pay all U.S. Trustee Quarterly Fees when such fees become due.

///

18. **Proof of Insurance**. The Debtor will be providing the U.S. Trustee with evidence of insurance, including property, liability, crime, auto, workers' compensation, and other insurances described in the Debtor's *Motion for Interim and Final Orders Authorizing the Debtor to Continue Administering and Funding Insurance Programs* [ECF 21] ("Insurance Programs Motion"). On September 19, 2025, the Court made his Interim Order Authorizing the Debtor to Continue Administering and Funding Insurance Programs. An order was lodged with the Clerk of the Court immediately after the hearing.

### H. Any Other Matters Which Might Materially Affect Case Administration

19. Given the magnitude of potential consumer and recall claims (approx. 5,000) associated with a Listeria related recall of its products, the Debtor believes that global mediation among the large recall creditors, such as Sargento and its insurance carriers will probably be necessary before a plan of reorganization can be proposed. The current deadline for filing claims are January 21, 2026 and March 16, 2025 for non-governmental and governmental creditors, respectively.

Respectfully submitted,

Dated: September 19, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
Attorneys for Debtor RIZO-LÓPEZ FOODS INC.

042026-000000 12035071.1