McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
　*hagop.bedoyan@mccormickbarstow.com*
Garrett R. Leatham, #333362
　*garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
　*garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:　(559) 433-1300
Facsimile:　(559) 433-2300

Attorneys for Debtor in Possession
RIZO-LÓPEZ FOODS, INC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RIZO-LÓPEZ FOODS, INC.,<br><br>　　　Debtor in Possession. | Case No. 25-25004-C-11<br><br>Chapter 11<br><br>DC No.: MB-15<br><br>Judge: Honorable Christopher M. Klein<br><br>[*No Hearing Required*] |

**APPLICATION TO EMPLOY HYMAN, PHELPS & MCNAMARA, P.C. PURSUANT TO 11 U.S.C. § 327(e)**

Rizo-López Foods, Inc. (the "Debtor" or "RLF"), the debtor and debtor in possession of the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this *Application to Employ Hyman, Phelps & McNamara, P.C. as Special Counsel Pursuant to 11 U.S.C. § 327(e)* (the "Application").

**I.　　JURISDICTION AND VENUE**

　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter has been referred to this Court by the U.S. District Court, Eastern District of California, pursuant to 28 U.S.C. § 157(a) and the *Order[s] Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, Gen. Order Nos. 182 (May 14, 1985) and 223 (E.D. Cal. Oct. 22, 1987). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant

to 28 U.S.C. §§ 1408 and 1409.

## II. RELIEF REQUESTED

2. The Debtor seeks authority to employ Hyman, Phelps & McNamara, P.C. ("HPM") as its special counsel for the pendency of this Bankruptcy Case pursuant to 11 U.S.C. §§ 327(e), 330, 331, and 1107, Fed. R. Bankr. P. ("Rules") 2014, 2016, 5002, and 6004, and Local Rule of Practice ("LBR") 2014-1.

## III. BACKGROUND FACTS

3. On September 15, 2025, the Debtor initiated this bankruptcy case by filing a voluntary chapter 11 petition. The Debtor remains in possession of its estate, and neither a trustee nor an examiner has been requested or appointed. The Debtor is operating and managing its business and financial affairs as a debtor in possession under 11 U.S.C. §§ 1107 and 1108.

4. Notice of this Application has been provided to the parties listed on the Limited Service List pursuant to the Limited Notice Order [ECF 64] and those registered users and parties that have requested notice through the Court's Online Portal. Given the nature of the relief requested, the Debtor submits that no further notice of motion is necessary.

5. Additional information regarding the circumstances leading to the commencement of the bankruptcy case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Edwin Rizo in Support of Chapter 11 Petition and the Debtor's First Day Motions* [ECF-07] ("Rizo Background Decl.").

## IV. LEGAL GROUNDS FOR RELIEF REQUESTED

6. The employment of professionals by a debtor in a chapter 11 case is governed by 11 U.S.C. § 327, of which subsection (e) states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

7. 11 U.S.C. § 328 permits, subject to court approval, the employment of "a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

APPLICATION TO EMPLOY HYMAN, PHELPS & MCNAMARA, P.C. AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e)

basis." Section 328(a) further "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K. Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

8. Rule 2014 requires that an application for retention of a professional include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Rule 2014(a); *see also*, LBR 2014-1(a) (verified statement must accompany application to employ professional persons pursuant to Rule 2014(a)).

9. Here, the Debtor needs the assistance of HPM regarding its expertise concerning FDA matters in order to comply with FDA regulations and other related issues. HPM is well qualified to serve in this role and its services cannot be duplicated without hiring outside counsel at a cost in excess of its proposed compensation.

10. As set forth in greater detail in the accompanying memorandum and points of authorities in support of the Application, the Declaration of Edwin Rizo ("Rizo Decl."), and the Declaration of Ricardo Carvajal ("Carvajal Decl."), HPM does not have any connection with the Debtor, creditors, or any party in interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee. Therefore, HPM does not hold or represent an interest adverse to the Debtor or the estate and is eligible for employment as special counsel pursuant to 11 U.S.C. § 327(e).

WHEREFORE, Debtor prays for an order authorizing the employment of HPM on the terms and for the performance of the services described in the accompanying memorandum of points and authorities.

///

///

Respectfully submitted,

Dated: October 23, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ 
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
Attorneys for Debtor RIZO-LÓPEZ FOODS, INC.

042026-000000 12148648.1

APPLICATION TO EMPLOY HYMAN, PHELPS & MCNAMARA, P.C. AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e)