**QUARLES & BRADY LLP**
Amelia Valenzuela, Esq. (CA Bar No. 320428)
L. Katie Mason, Esq. (admitted *pro hac vice* )
Randy J. Pflum, Esq. (admitted *pro hac vice*)
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
Telephone: 602-229-5635
Facsimile: 602-229-5690
Email: amelia.valenzuela@quarles.com
Email: katie.mason@quarles.com
Email: randy.pflum@quarles.com
*Attorneys for Sargento Foods Inc.*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Case No. 25-25004-C-11 |
| RIZO-LÓPEZ FOODS, INC., | DC No.: MB-12 |
| Debtor. | Hearing Date: October 29, 2025<br>Time: 11:00 a.m.<br>Dept.: C, Ct. Rm. 35 6th Fl.<br>　　　United States Bankruptcy Court<br>　　　501 "I" Street<br>　　　Sacramento, CA 95814<br><br>Judge: Honorable Christopher M. Klein |

**SARGENTO FOODS INC.'S OBJECTION TO DEBTOR'S AMENDED
MOTION TO ALLOW AND PAY ADMINISTRATIVE EXPENSE
CLAIMS PURSUANT TO 11 U.S.C. § 503(B)(9)**

Sargento Foods Inc. ("Sargento"), by and through its undersigned counsel, files this objection to the *Debtor's Amended Motion to Allow and Pay Allowed Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b)(9)* ("Motion") (ECF No. 177). In support of this Objection, Sargento states:

**I.　　INTRODUCTION**

1.　　Using cash collateral, Rizo-Lopez Foods, Inc. (the "Debtor") seeks to pay four purported 11 U.S.C. § 503(b)(9) claims totaling $419,544.29 in full (the "Purported 503(b)(9) Claims"). It is unclear from the Motion and supporting declaration whether the full amount of these

Purported 503(b)(9) Claims relate to goods that were *actually* delivered during the 20-day period immediately before the Debtor's September 15, 2025 petition date (the "Petition Date"). Further, the Debtor does not explain why these claims must be paid immediately—months before the general bar date and before a plan has been filed. Simply put, the Debtor has not established that it received the subject goods within the 20-day period before the Petition Date. Even if it did, the Debtor has not established that immediate payment is warranted.

II.     **OBJECTION**

    **a.     The Debtor has not established that the Purported 503(b)(9) Claims relate to goods actually received during the 20-day period before the Petition Date.**

    2.     Section 503(b)(9) provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including (1)(A) the actual necessary costs and expenses of preserving the estate including—
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

    3.     A seller of goods is entitled to an administrative expense claim under Section 503(b)(9) for the value of goods received by a debtor within 20 days prior to the bankruptcy filing.

    4.     Based on the Debtor's Petition Date, administrative expense priority is afforded only for the value of any goods the Debtor received between August 26, 2025 and September 14, 2025 ("503(b)(9) Period"). *See* 11 U.S.C. §§ 503(b)(9) and 507(a)(2).

    5.     Without submitting any invoices, proofs of delivery, bills of lading, or any other type of evidence establishing the date when the goods were received by the Debtor, the Debtor contends the vendors below have incurred the following Purported 503(b)(9) Claims:

        a.     Pacific Gold Milk Producers, Inc.     Amt. $402,227.29

        b.     California Dairies Inc.     Amt. $10,000

        c.     EZ International Brokers     Amt. $8,205.00

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;d.&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;First Choice&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;Amt. $6,112.00

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;e.&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;Total:&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;**$419,544.29.**

6. Without evidentiary support, the Debtor cannot establish that the amounts it seeks to pay to holders of Purported 503(b)(9) Claims relate to goods actually received by the Debtor in the 503(b)(9) Period. The Debtor simply states that "the holders of 503(b)(9) Claims delivered goods to Debtor within the 20 days before the date the Debtor commenced its chapter 11 . . . ." (Doc. No. 177 at ¶ 7), but does not even contend – much less prove – that the *entirety* of the Purported 503(b)(9) Claims relate to goods delivered in the 503(b)(9) Period. On this basis alone, the Court should deny the Motion.

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;**b.**&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;**The Debtor's request for payment of the Purported 503(b)(9) Claims is premature.**

7. Whether to allow immediate payment of allowed administrative expense claims is left to the Court's discretion. *In re Verco Indus.*, 20 B.R. 664, 665 (9th Cir. B.A.P. 1982); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005); *In re Global Home Products, LLC*, 2006 WL 3791955, at **3-4 (Bankr. D. Del. Dec. 21, 2006). While the Bankruptcy Code does not establish timing for payment of Section 503(b)(9) claims, in a typical case, Section 503(b)(9) claims are paid through a confirmed plan when the debtor makes a final distribution to creditors. *See* 11 U.S.C. § 1129; *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (Administrative claim distributions "prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expense claims in full.").

8. Bankruptcy Courts consider the following factors when deciding whether to allow immediate payment of administrative claims: (1) the prejudice to the debtor; (2) the hardship to the claimant; and (3) potential detriment to the other creditors. *See In re Garden Ridge Corp.*, 323 B.R. at 143. Bankruptcy Courts also consider one of the central goals of the Bankruptcy Code—the orderly and equal distribution among similarly-situated creditors. *See e.g., In re HQ Global Holdings, Inc.*, 282 B.R. 169.

9. The Debtor has not established any of the above factors. The Debtor provides no analysis or proof as to whether the holders of the Purported 503(b)(9) Claims will be harmed if they

3

are not paid immediately, nor does the Debtor discuss the potential harm to other similarly-situated creditors if the Purported 503(b)(9) Claims are paid immediately. This case is still in its beginning stages. The Court has not entered a final order on the Debtor's request for post-petition financing, the Debtor has not proposed a plan, the Debtor's counsel has stated in open court that the Debtor is at imminent risk of running out of cash to operate, and the proof of claim bar date is months away. It is uncertain whether the Debtor's case will be administratively solvent, and the Debtor is teetering on the apparent brink of a conversion to chapter 7. Under the circumstances, the Debtor cannot establish that immediate payment of the Purported 503(b)(9) Claims is necessary or proper.

### III. CONCLUSION

10. Sargento respectfully requests that this Court sustain this Objection and deny the Debtor's Motion.

RESPECTFULLY SUBMITTED this 27th day of October, 2025.

QUARLES & BRADY LLP

By */s/ L. Katie Mason*
    Amelia Valenzuela
    L. Katie Mason
    Randy J. Pflum

*Attorneys for Sargento Foods Inc.*

4