1 McCormick, Barstow, Sheppard,
  Wayte & Carruth LLP
2 Hagop T. Bedoyan, #131285
   *hagop.bedoyan@mccormickbarstow.com*
3 Garrett R. Leatham, #333362
   *garrett.leatham@mccormickbarstow.com*
4 Garrett J. Wade, #340285
   *garrett.wade@mccormickbarstow.com*
5 7647 North Fresno Street
  Fresno, California 93720
6 Telephone:   (559) 433-1300
  Facsimile:   (559) 433-2300
7
Attorneys for Debtor in Possession
8 RIZO-LÓPEZ FOODS, INC.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RIZO-LÓPEZ FOODS, INC.,<br><br>        Debtor in Possession | Case No. 25-25004-C<br><br>Chapter 11<br><br>DC No.: MB-16<br><br>Hearing<br><br>Date:   November 26, 2025<br>Time:   11:00 a.m.<br>Place:   Dept. C, Ct. Rm. 35, 6th Fl.<br>        United States Bankruptcy Court<br>        501 "I" Street<br>        Sacramento, CA 95814<br><br>Judge: Honorable Christopher M. Klein |

**MOTION OF DEBTOR PURSUANT TO 11 U.S.C. §§ 1112(a), FED. R. BANKR. P. 1017(f) AND 9014, AND B.L.R. 9014-1(b)(1)(C) FOR ENTRY OF AN ORDER TO <u>CONVERT CHAPTER 11 CASE TO CHAPTER 7</u>**

Rizo Lopez Foods, Inc., the debtor and debtor in possession ("<u>RLF</u>" or "<u>Debtor</u>") in the above-captioned chapter 11 case hereby moves this Court (the "Motion") pursuant to 11 U.S.C. § 1112(a), of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California

(the "LBR") for entry of an order converting the Debtor's case to Chapter 7 of Bankruptcy Code.[1]

In support of this Motion, the Debtor submits the *Declaration of Edwin Rizo in Support of Debtor's Motion to Convert Chapter 11 Case to Chapter 7* filed concurrently herewith.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Case and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTS

2. On September 15, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division. The Debtor is operating the business and managing its properties as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case. Importantly, this Chapter 11 case has not been previously converted.

3. Debtor is a family built and run company, in 1991, Debtor started making its own Mexican-style cheeses and creams and has been operating in the central valley of California for the last thirty four years. Over the last ten years, Debtor expanded its distribution nationwide. Debtor's products can be found at grocery stores and retail deli counters throughout the country. They produce approximately 40 million pounds of cheese and 10 million pounds of creams annually under the "Don Francisco," "Tio Francisco" and "Rizo Bros" brand names.

4. While the Debtor has resumed production on a limited basis at its cheese factory in Modesto, the Debtor's September (partial) monthly operating report ("MOR") filed on October 21, 2025 reflects a loss of $940,849.00 [Doc 176]; however, of this total loss, $432,554 represents

---

[1] Because this document is less than six pages total, the motion and memorandum of points and authorities are filed together as a single document pursuant to LBR 9014-1(d)(4).

estimated non-operational items (i.e., discarded inventory, interest accrual on the Wells Fargo Bank loans and depreciation) for the two week period of time represented in the Debtor's September MOR.

5. To sustain its operations, the Debtor has relied on a debtor-in-possession credit line from its two principals, Edwin and Ivan Rizo (the "Rizo Lenders"), who have already loaned the Debtor $1,730,000, on a postpetition basis, in accordance with the Court's two interim orders approving secured postpetition financing dated September 19, 2025 [Doc 67] and October 14, 2025 [Doc 164]. A continued hearing on the Debtor's motion to approve secured postpetition financing is set for October 29, 2025 at 11:00 a.m.

6. Despite the secured postpetition financing from the Rizo Lenders, the Debtor's 13-week operating budget, attached to the Further Interim Order Authorizing Use of Cash Collateral Granting Adequate Protection and Continuing Hearing (the "Interim CC Order") as **Exhibit A** [Doc 144] contemplated mezzanine financing from a third party in the approximate amount of $15,000,000 during the week ending November 14, 2025 in conjunction with a possible sale of Debtor's assets pursuant to 11 U.S.C. § 363.

7. As of the date of this Motion, the Debtor has been unsuccessful in its efforts to find either mezzanine financing or a "Stalking Horse" buyer, willing to buy the Debtor's assets utilizing a Section 363 sale procedures.

8. Under the circumstances, the Debtor can no longer sustain ongoing production operations and has elected to terminate most of its employees and wind-down its operations and seek an order approving the conversion of its chapter 11 case to chapter 7.

9. As reflected in the Debtor's schedules of assets and liabilities, filed with the Court on October 14, 2025 [Doc 155], almost all of the Debtor's assets are fully encumbered, with the exception of avoidance actions and perhaps recoveries from carriers under the Debtor's insurance policies. The real property consisting of the land and buildings utilized by the Debtor in its production operations is owned by I & E McClure, LLC, a related entity owned by Edwin and Ivan Rizo.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

## III. RELIEF REQUESTED

10. The Debtor requests that the Chapter 11 Case be converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).

## IV. BASIS FOR RELIEF

11. Section 1112(a) of the Bankruptcy Code states that the debtor may convert a case under [chapter 11] unless-- (1) the debtor is not a debtor-in-possession; (2) the case originally was commenced as an involuntary case under [chapter 11]; or (3) the case was converted to a case under [chapter 11] other than on the debtor's request.

12. None of the limitations on the Debtor's right to convert its case to Chapter 7 exist. Therefore, the Debtor's right to have its case converted to Chapter 7 is absolute. 7 COLLIER ON BANKRUPTCY ¶ 1112.02 [Section 1112(a) appears to give the debtor an absolute right to convert a chapter 11 case to a case under chapter 7, provided that none of the three exceptions apply].

13. The Motion is filed in good faith, and that the Debtor is eligible for relief under the chapter for which conversion is requested.

## V. NOTICE

14. In accordance with Bankruptcy Rule 2002(a)(4), Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17; (ii) all creditors in the Chapter 11 Cases; (iii) those parties appearing on the Debtor's Limited-Service List and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

15. No other previous request for the relief sought herein has been made by the Debtor to this or any other court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order converting its Chapter 11 case to Chapter 7 and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: October 23, 2025

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Hagop T. Bedoyan
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
Attorneys for Debtor RIZO-LÓPEZ FOODS, INC.