**5**
DON J. POOL, SBN 166468
FENNEMORE LLP
8080 N. Palm Avenue, Third Floor
Fresno, California 93711
Tel: (559) 432-4500 / Fax: (559) 432-4590
dpool@fennemorelaw.com

Attorneys for SHERILL HERNANDEZ SORTO; CARLOS HERNANDEZ; CESAR ARTURO PONCE ESTRADA; JOANN GIRON-HERNANDEZ; and FREDDY JOSE PONCE-RIVERA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

****

| | |
|---|---|
| In re: | Case No.: 25-25004-C-11 |
| RIZO-LOPEZ FOODS, INC., dba Tio Francisco, dba Don Francisco, | Chapter 11 |
| | DCN: DJP-1 |
| Debtor. | Date: February 25, 2026<br>Time: 11:00 AM<br>Place: United States Bankruptcy Court<br>501 "I" Street, 6th Floor<br>Courtroom 35, Department C<br>Sacramento, California<br>Judge: Honorable Christopher M. Klein |

**SHERILL HERNANDEZ SORTO, ET AL.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE LITIGATION IN THE DISTRICT COURT OF CLARK COUNTY, NEVADA AND FOR WAIVER OF FRBP 4001(a)(3)**

SHERILL HERNANDEZ SORTO; CARLOS HERNANDEZ; CESAR ARTURO PONCE ESTRADA; JOANN GIRON-HERNANDEZ; and FREDDY JOSE PONCE-RIVERA ("Movants") hereby respectfully submit the following Motion for Relief from the Automatic Stay to Continue Litigation in the District Court of Clark County, Nevada ("Motion"). This Motion proceeds pursuant to 11 U.S.C. § 362(d)1, Federal Rules of Bankruptcy Procedure 4001(a), and Local Bankruptcy Rule 9014-(f)(1).

///

**I.**

**VENUE AND JURISDICTION**

This matter is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A) and (G). Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409. Debtor RIZO-LOPEZ FOODS, INC., dba Tio Francisco, dba Don Francisco ("Debtor"), filed a Voluntary Petition for Non-Individuals with this court, under Chapter 11 of the United States Bankruptcy Code as Bankruptcy Petition case no. 25-25004-C-11 (the "Petition") on September 15, 2025. Req. Jud. Ntc., at dkt. 1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1334 and 157.

**II.**

**INTRODUCTION**

This Motion seeks relief from the automatic stay, solely to allow the Movants to continue to prosecute their litigation case in the District Court of Clark County, Nevada entitled *Sherill Hernandez Sorto; Carlos Hernandez; Cesar Arturo Ponce Estrada; Joann Giron-Hernandez; and Freddy Jose Ponce-Rivera v. Jesus Arias; Rizo-Lopez Foods, Inc., et al.*, Nevada District Court case no. A-25-919726-C (the "Nevada District Action") naming Debtor as a party, but only for the purposes of liquidating Movants' claim and pursuing recoveries from insurance.

**III.**

**BACKGROUND AND PARTIES**

On or about July 15, 2023, Movants were traveling southbound on Interstate 15 south of the Flamino south onramp in Las Vegas, Nevada. As Movants were traveling southbound and at the same time and place defendant Jesus Arias ("Arias"), who was acting in the course and scope of his employment with Debtor and other defendants, also traveling southbound in the same lane as Movants, failed to maintain a safe distance and rear-ended Movants causing their vehicle to crash into the concrete barrier. The crash resulted in injuries to Movants, each and individually, both directly and proximately causing property damage and physical injuries.

///

///

On May 23, 2025, Movants filed a Complaint against Debtor, Arias, and other defendants in the District Court of Clark County, Nevada. *See* Decl. of Jacob G. Leavitt, at ¶ 2.

A copy of the Complaint is attached to the Index of Exhibits filed herewith as Exhibit 1 and incorporated herein by reference. Id. at ¶ 2; *see also* id. at exh. 1. As a result of Debtor's chapter 11 filing on September 15, 2025, the Nevada District Action was stayed. A copy of the Notice of Operation of the Automatic Stay filed in the Nevada District Action is attached to the Index of Exhibit as Exhibit 2 and incorporated herein by reference. Id. at ¶ 3; *see also* id. at exh. 2.

Movants have reached a tentative settlement with Debtor's insurance carrier and now move this court to grant relief from the automatic stay to allow Movants to pursue recoveries from Debtor's insurance.

## IV.

## LAW AND ARGUMENT

**A.** **"Cause" Exists for Granting the Motion and For Modifying the Automatic Stay to Allow Movants to Continue to Prosecute the Litigation in the District Court of Clark County, Nevada.**

Under 11 U.S.C. § 362(d)(1), relief from stay may be granted if "cause" is established. "Cause" is defined broadly and the decision is made on a case-by-case basis. Christian v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990). .

Cause to lift the automatic stay has been found in cases where litigation was pending in another forum before the filing of the bankruptcy case. In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990). Specifically, courts in the Ninth Circuit have granted relief from the automatic stay under Section 362 when relief is necessary to permit the pending litigation to be concluded. Among the factors considered in determining whether relief from the automatic stay should be granted to allow a State court action to continue are: (a) judicial economy; (b) the degree to which the State court action has progressed; (c) whether the issues in the state court lawsuit involve matters of State law, and (d) whether any person or party would be prejudiced by granting relief from the automatic stay. *See* In re Carbaugh, 278 B.R. 512, 525 (10th Cir. Bankr. 2002). *See also* In

re Beguelin, 220 B.R. 94, 98 (9th Cir. Bankr. 1998) and In re Blann, 237 B.R. 737, 739 (9th Cir. Bankr. 1999).

In this case, "cause" exists to modify the automatic stay to permit Movants' lawsuit filed against Debtor and other defendants to proceed in the District Court of Clark County, Nevada for the following reasons:

    a. Judicial economy will be promoted by allowing Movants' claims against Debtor and the other defendants named in the Complaint to be liquidated in one forum and one action;

    b. Movants and Debtor's insurance carrier have reached a tentative settlement agreement;

    c. The District Court of Clark County, Nevada is fully capable of, and has extensive experience in, hearing and resolving tort and insurance claims and disputes;

    d. Movants' claims against Debtor are connected with their claims against the other defendants named in the Complaint;

    e. The District Court of Clark County, Nevada has stayed the action related to the Complaint subject to relief from the automatic stay from the Bankruptcy Court; and

    f. There is no prejudice to Debtor and other defendants or any other person if the Motion is granted because Movants seek to recover solely against insurance.

## V.
## CONCLUSION

WHEREFORE, Movants pray that:

1. The Automatic Stay be modified so that the Movants can continue to prosecute their litigation, naming Debtor as a party, but only for the purposes of liquidating Movants' claim and pursuing recoveries from insurance in the Nevada District Action;

2. The requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived; and

///

///

| | |
|---|---|
| 1 | 3. Movants be granted such other relief that the Court deems to be just and |
| 2 | proper. |

Dated: February 6, 2026          FENNEMORE LLP

By:   */s/ Don J. Pool*
        DON J. POOL
        Attorneys for SHERILL HERNANDEZ SORTO; CARLOS HERNANDEZ; CESAR ARTURO PONCE ESTRADA; JOANN GIRON-HERNANDEZ; and FREDDY JOSE PONCE-RIVERA

63209227/081733.0001