**27**

**DON J. POOL, SBN 166468**
FENNEMORE LLP
8080 N. Palm Avenue, Third Floor
Fresno, California 93711
Tel: (559) 432-4500 / Fax: (559) 432-4590
dpool@fennemorelaw.com

Attorneys for SHERILL HERNANDEZ SORTO;
CARLOS HERNANDEZ; CESAR ARTURO PONCE
ESTRADA; JOANN GIRON-HERNANDEZ; and
FREDDY JOSE PONCE-RIVERA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

****

| | |
|---|---|
| In re:<br><br>RIZO-LOPEZ FOODS, INC., dba Tio Francisco, dba Don Francisco,<br><br>Debtor. | Case No.: 25-25004-C-11<br><br>Chapter 11<br><br>DCN: DJP-1<br><br>Date: February 25, 2026<br>Time: 11:00 AM<br>Place: United States Bankruptcy Court<br>501 "I" Street, 6th Floor<br>Courtroom 35, Department C<br>Sacramento, California<br>Judge: Honorable Christopher M. Klein |

**INDEX OF EXHIBITS TO DECLARATION OF JACOB G. LEAVITT IN SUPPORT OF
SHERILL HERNANDEZ SORTO, ET AL.'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO CONTINUE LITIGATION IN THE DISTRICT COURT OF
CLARK COUNTY, NEVADA AND FOR WAIVER OF FRBP 4001(a)(3)**

| EXHIBIT | DESCRIPTION | PAGE # |
|---|---|---|
| 1 | Complaint filed in District Court of Clark County, Nevada on May 23, 2025 | 1 – 9 |
| 2 | Notice of Operation of the Automatic Stay filed in District Court of Clark County, Nevada on September 19, 2025 | 1 – 17 |

63212574/081733.0001

# EXHIBIT 1

**Electronically Filed**
**5/23/2025 6:32 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

1  **COMP**
**JACOB G. LEAVITT, ESQ.**
2  Nevada Bar No. 12608
**SIN CITY LAW**
3  939 S. Decatur Boulevard
4  Las Vegas, Nevada 89107
Telephone: (702) 508-6404
5  Email: jacob@sincity.law
*Attorney for Plaintiff*
6

CASE NO: A-25-919726-C
Department 29

7                    **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

9
SHERILL HERNANDEZ SORTO, an individual;
10  CARLOS HERNANDEZ, an individual; CESAR      CASE NO.:
ARTURO PONCE ESTRADA, an individual;      DEPT. NO.:
11  JOANN GIRON-HERNANDEZ, an individual;
12  FREDDY JOSE PONCE-RIVERA, an individual;

13              Plaintiff,

14  vs.

15
JESUS ARIAS, an individual;   RIZO LOPEZ
16  FOODS, INC.,   a foreign corporation; DOE
OWNERS I-V; DOE DRIVERS I-V; ROE
17  EMPLOYERS I-X; and ROE COMPANIES I-X,
18  inclusive, jointly and severally,

19
            Defendants.
20

21                   **COMPLAINT**

22         COME NOW, Plaintiffs, SHERILL HERNANDEZ SORTO, CARLOS HERNANDEZ,

23  CESAR ARTURO PONCE ESTRADA, JOANN GIRON-HERNANDEZ, FREDDY JOSE PONCE-

24  RIVERA by and through their counsel, JACOB G. LEAVITT, ESQ., of **SIN CITY LAW**, and for

25  her causes of action against Defendants, and each of them, jointly and severally, complain and allege

26  as follows:

27

28

1. At all times mentioned herein, Plaintiff, SHERILL HERNANDEZ SORTO (hereinafter referred to as Plaintiff "SHERILL") was and is a resident of the State of Nevada.

2. At all times mentioned herein, Plaintiff, CARLOS HERNANDEZ (hereinafter referred to as Plaintiff "CARLOS") was and is a resident of the State of Nevada.

3. At all times mentioned herein, Plaintiff, CESAR ARTURO PONCE ESTRADA (hereinafter referred to as Plaintiff "CESAR") was and is a resident of the State of Nevada.

4. At all times mentioned herein, Plaintiff, JOANN GIRON-HERNANDEZ (hereinafter referred to as Plaintiff "JOANN") was and is a resident of the State of Nevada.

5. At all times mentioned herein, Plaintiff, FREDDY JOSE PONCE-RIVERA (hereinafter referred to as Plaintiff "FREDDY") was and is a resident of the State of Nevada.

6. Upon information and belief and at all times mentioned herein, DEFENDANT, JESUS ARIAS, (hereinafter referred to as DEFENDANT "JESUS ") and DOE DRIVERS I-II and/or DOE OWNERS I-II, were and are residents of the County of Clark, in the state of Nevada.

7. Upon information and belief and at all times mentioned herein, DEFENDANT, RIZO LOPEZ FOODS, INC., (hereinafter referred to as "RIZO") is a domestic company lawfully licensed and doing business in the County of Clark, State of Nevada, and the employer of DEFENDANT JESUS and/or DOE DRIVER.

8. Upon information and belief and at all times mentioned herein, DEFENDANT, RIZO 21 LLC OPERATIONS SERIES (hereinafter referred to as "SERIES") is a foreign corporation lawfully licensed and doing business in the County of Clark, State of Nevada, and the employer of DEFENDANT JESUS and/or DOE DRIVER.

9. Upon information and belief, at all times relevant to this action, DEFENDANTS DOE DRIVERS III-V, were and are residents of the County of Clark, State of Nevada, were

operating a motor vehicle upon the streets and highways of Clark County, Nevada, and directly and proximately caused an automobile vs. automobile collision; a vehicle owned or co-owned by DEFENDANT DOE OWNERS III-V, ROE EMPLOYERS I-II and/or ROE CORPORATIONS I-II, at the time of the subject traffic collision more fully described hereinbelow.

10. Upon information and belief, at all times relevant to this action, the DEFENDANTS DOE OWNERS III-V, ROE EMPLOYERS III-V and/or ROE CORPORATIONS III-V, were and are conducting business within the County of Clark, State of Nevada and/or were or was a resident(s) of the County of Clark, State of Nevada.

11. Upon information and belief, at all times mentioned herein, DEFENDANTS JESUS and/or DEFENDANT DOE DRIVERS I-II was/were the drivers of the subject at-fault vehicle owned by DEFENDANTS RIZO and/or SERIES and/or DOE OWNERS I-II and/or ROE EMPLOYERS I-II, and/or was/were acting in the course and scope of their employment with DEFENDANTS RIZO and/or ROE EMPLOYERS III-V and/or ROE CORPORATIONS I-V at the time of the traffic accident described herein.

12. Upon information and belief, at all times mentioned herein, DEFENDANTS JESUS and/or DEFENDANT DOE DRIVERS I-II was/were the vehicle mechanics and/or vehicle inspectors of the subject at-fault vehicle owned by DEFENDANTS RIZO and/or SERIES and/or DOE OWNERS I-II and/or ROE EMPLOYERS I-II, and/or was/were acting in the course and scope of his/her employment with DEFENDANTS RIZO and/or ROE EMPLOYERS III-V and/or ROE CORPORATIONS I-V at the time of the traffic accident described herein, including but not limited to allowing a vehicle with known failures to be operated on Nevada roads.

13. At all times relevant to this action, DEFENDANTS DOE OWNERS III-V and/or ROE EMPLOYERS I-V and/or ROE CORPORATIONS I-II, was/were an entity doing business in the County of Clark, State of Nevada, and was/were directing the course and scope of the actions of the other DEFENDANTS, and each, some or all of them, at the time of the automobile collision herein described.

14. At all times relevant to this action, DEFENDANTS RIZO and/or ROE EMPLOYERS I-V and/or ROE CORPORATIONS III-V were employing the other DEFENDANTS, and each, some or all of them, and he/she/it was/were acting in the course and scope of said employment at all times relevant to the automobile collision described hereinbelow.

15. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, including DEFENDANTS RIZO and/or DOE OWNERS I through V, ROE EMPLOYERS I through V and/or ROE CORPORATIONS I through V, are unknown to PLAINTIFFS, who therefore sue said DEFENDANTS by such fictitious names. PLAINTIFFS are informed, believe, and thereupon allege that each of the said DEFENDANTS designated herein as DOE and ROE were/are responsible in some manner for the events and happenings referred to herein and directly and proximately caused damages to PLAINTIFFS as herein alleged, and that PLAINTIFFS will seek leave of this Court to amend this Complaint to insert the true names and capacities of DOE and ROE Defendants when the same have been ascertained, and to join such DEFENDANTS in this action.

## FIRST CAUSE OF ACTION

### (For Negligence)

16. PLAINTIFFS incorporate by this reference all the allegations of the paragraphs hereinabove, as though completely set forth herein.

17. On, or about, July 15, 2023, at approximately 9:43 a.m., PLAINTIFF CESAR, was the restrained driver of PLAINTIFFS', of which SHERILL, FREDDY, JOANN, and CARLOS were passengers in.. PLAINTIFFS were traveling southbound on Interstate 15 ("I-15") south of the Flamingo south onramp in Las Vegas, Nevada. As PLAINTIFFS were traveling southbound and at the same time and place DEFENDANT JESUS , also traveling southbound in the same lane as PLAINTIFFS and DEFENDANT JESUS. DEFENDANT JESU failed to maintain a safe distance and rear-ended PLAINTIFFS causing their vehicle to crash into the contrate barrier.

18. As DEFENDANT JESUS  failed to maintain a safe distance from PLAINTIFFS and failed to pay attention to the traffic, failure to observe the traffic condition, failed to failed to maintain safe distances between his vehicle and PLAINTIFFS" vehicle when he negligently struck PLAINTIFFS causing a violent crash resulting in injuries to PLAINTIFFS, each and individually, both directly and proximately causing property damage and physical injuries and damages to PLAINTIFFS as more fully described hereinbelow.

19. DEFENDANTS, including DEFENDANTS JESUS , RIZO, DOE OWNERS I-V and/or ROE CORPORATIONS I-V and/or ROE EMPLOYERS I-V, had a duty to all members of general public, including the PLAINTIFFS herein, to hire competent and safe drivers for their vehicle(s) and to provide those drivers with reasonable and safe guidelines and training for the operation of their said vehicle(s).

20. DEFENDANTS, including DEFENDANTS JESUS , RIZO, DOE OWNERS I-V and/or ROE CORPORATIONS I-V and/or ROE EMPLOYERS I-V, hired negligent, and including DEFENDANT JESUS  and/or DEFENDANT DOE DRIVERS I-V, and failed to provide reasonable or safe guidelines and/or training for the operation of his/their/its vehicle.

21. Nevertheless, DEFENDANTS, including DEFENDANTS JESUS , RIZO, DOE OWNERS I-V and/or ROE CORPORATIONS I-V and/or ROE EMPLOYERS I-V, hired negligent, reckless, and careless drivers, including DEFENDANT JESUS and/or DEFENDANT DOE DRIVERS I-V, and failed to provide reasonable or safe guidelines and/or training for the operation of his/their/its vehicle.

22. At the time of the collision herein complained of, and immediately prior thereto, DEFENDANTS, and each or all of them, in breaching duties owed to PLAINTIFFS herein, was/were negligent and careless, *inter alia*, in the following particulars:

    A. In failing to keep DEFENDANTS' vehicle under proper control;

    B. In operating DEFENDANTS' vehicle without due caution for the rights of the PLAINTIFF herein;

    C. In failing to keep a proper lookout and failure to follow the laws of a traffic by maintaining proper look out, maintaining the lane and maintaining a safe distance between DEFENDANTS' vehicle and PLAINTIFFS' vehicle;

    D. In failing to use due care in the operation of DEFENDANTS' vehicle;

    E. Negligent Entrustment, negligent hiring training and supervision;

    F. Vicarious liability through the operation of NRS 41.440;

    G. Respondeat superior;

    H. DEFENDANTS, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances, and PLAINTIFFS will pray leave of Court to insert the exact citations at the time of trial.

    14. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFFS, each and

individually, suffered physical injury and was otherwise injured in and about their brain, neck, back, legs, arms, organs and systems, and were otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to their individual damage in an amounts not yet fully ascertained, but, nevertheless each in excess of Fifteen Thousand Dollars ($15,000.00).

15.  By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFFS have been caused to expend monies for medical and miscellaneous expenses for medical care and treatment and follow up care, and may in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully ascertained.

16.  Prior to the injuries complained of herein, PLAINTIFFS each and individually, were able-bodied, capable of being normally active, and capable of engaging in all other activities for which they were otherwise suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, PLAINTIFFS, and each of them, were caused to be disabled and limited and restricted in their activities, which caused them a loss of wages in an as yet unascertainable amount, the allegations of which PLAINTIFFS each and individually pray leave of Court to insert herein when the same has be fully determined.

17.  PLAINTIFFS have been required to retain attorneys to prosecute this action, and are therefore entitled to recover their attorneys' fees, case costs and prejudgment interest.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS SHERILL HERNANDEZ SORTO, CARLOS HERNANDEZ, CESAR ARTURO PONCE ESTRADA, JOANN GIRON-HERNANDEZ, FREDDY JOSE PONCE-RIVERA, each and individually expressly reserve the right herein to include all of their items of damage, and pray for judgment against each and all the DEFENDANTS herein, jointly and severally, as follows:

1. General damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Special damages for medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto, in a presently unascertainable amount but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00);

3. Special damages for lost wages and/or diminution of the earning capacity of in addition to possible future loss of earnings and/or diminution of PLAINTIFFS' earning capacities in a presently unascertainable amount but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00);

4. For punitive damages because of the wanton disregard for the safety of others on the roadway in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

4. Costs of this suit, attorneys' fees, and prejudgment interest; and

5. Any other relief as to the Court may seem just and proper in the premises.

DATED this 23rd day of May, 2025.

**SIN CITY LAW**

By: _/s/ Jacob G. Leavitt_____
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
939 S. Decatur Boulevard
Las Vegas, Nevada   89107
*Attorney for Plaintiffs*

# EXHIBIT 2

Electronically Filed
9/19/2025 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

**NOTC**
**RESNICK & LOUIS, P.C.**
JENNIFER A. TAYLOR, ESQ.
Nevada Bar No. 6141
jtaylor@rlattorneys.com
8945 West Russell Road, Suite 330
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile:  (702) 988-9897
*Attorney for Defendants,*
*Jesus Arias and Rizo Lopez Foods, Inc.*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHERILL HERNANDEZ SORTO, an individual; CARLOS HERNANDEZ, an individual; CESAR ARTURO PONCE ESTRADA, an individual; JOANN GIRON-HERNANDEZ, an individual; FREDDY JOSE PONCE-RIVERA, an individual;<br><br>            Plaintiff,<br><br>v.<br><br>JESUS ARIAS, an individual; RIZO LOPEZ FOODS, INC., a foreign corporation; DOE OWNERS I-V; DOE DRIVERS I-V; ROE EMPLOYERS I-X; and ROE COMPANIES I X, inclusive, jointly and severally,<br>            Defendants. | CASE NO.: A-25-919726-C<br><br>DEPT: 29<br><br>**DEFENDANT RIZO LOPEZ FOODS, INC.'S SUGGESTION OF BANKRUPTCY AND NOTICE OF OPERATION OF THE AUTOMATIC STAY** |

      PLEASE TAKE NOTICE that on September 15, 2025 (the "Petition Date"), RIZO

LOPEZ FOODS, INC., a defendant in the above-captioned case (hereinafter referred to as

"Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States

Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court

for the Eastern District of California (the "Bankruptcy Court"), which Chapter 11 cases are being

1

jointly administered under case number 25-25004. A true and correct copy of the Notice of Bankruptcy Case Filing is attached hereto as Exhibit "A".

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy Code, the commencement of the chapter 11 cases operates as a stay (the "Automatic Stay"), applicable to all of the Debtors, including, without limitation RIZO LOPEZ FOODS, INC., of among other things: "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a).

PLEASE TAKE FURTHER NOTICE that actions taken in violation of the Automatic Stay are void and may subject the person or entity taking such action to the imposition of sanctions by the Bankruptcy Court.

If you have any questions regarding this notice, please contact the undersigned.

DATED this 19th day of September, 2025.

**RESNICK & LOUIS, P.C.**

 */s/ Jennifer A. Taylor*
JENNIFER A. TAYLOR, ESQ.
Nevada Bar No. 6141
8945 West Russell Road, Suite 330
Las Vegas, Nevada 89148
jtaylor@rlattorneys.com
Telephone: (702) 997-3800
Facsimile: (702)988-9897
*Attorney for Defendants,*
*Jesus Arias and Rizo Lopez Foods, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing **DEFENDANT RIZO LOPEZ FOODS, INC.'S SUGGESTION OF BANKRUPTCY ANF NOTICE OF OPERATION OF THE AUTOMATIC STAY** was served this 19th day of September, 2025, by:

[ ]    **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]    **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]    **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]    **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Jacob G. Leavitt, Esq.
SIN CITY LAW
939 S. Decatur Boulevard
Las Vegas, Nevada 89107
*Attorney for Plaintiffs*
*Sherrill Hernandez Sorto, Carlos*
*Hernandez, Cesar Arturo Ponce Estrada,*
*Joann Giron-Hernandez, and Freddy*
*Jose Ponce-Rivera*

_____*/s/ Shyanne Jackson*_____
An Employee of Resnick & Louis, P.C.

# EXHIBIT A

9/10/25 10 50AM

Fill in this information to identify the case:

United States Bankruptcy Court for the:

**EASTERN DISTRICT OF CALIFORNIA**

Case number (if known) _____ Chapter **11**

☐ Check if this is an
   amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Rizo-Lopez Foods, Inc.** | |
| 2. | All other names debtor used in the last 8 years <br> Include any assumed names, trade names and *doing business as* names | **DBA  Tio Francisco** <br> **DBA  Don Francisco** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **77-0273719** | |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **201 S. McClure Road** <br> **Modesto, CA 95357** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Stanislaus** <br> County | **Location of principal assets, if different from principal place of business** |
| | | | _____ <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | _____ |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **Rizo-Lopez Foods, Inc.** _____    Case number *(if known)* _____
          Name

---

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.

   __3115__

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____    When _____    Case number _____
District _____    When _____    Case number _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

---

| Debtor | **Rizo-Lopez Foods, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| List all cases. If more than 1, attach a separate list | Debtor | | | Relationship | |
|---|---|---|---|---|---|
| | District | When | | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
■ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Rizo-Lopez Foods, Inc. | Case number (if known) | |
|--------|------------------------|------------------------|--|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      9-10-25
                 MM / DD / YYYY

X _____          **Edwin Rizo**
Signature of authorized representative of debtor          Printed name

Title      **Chief Executive Officer**

**18. Signature of attorney**

X _____          Date  09 / 15 / 2025
Signature of attorney for debtor                     MM / DD / YYYY

**Hagop T. Bedoyan 131285**
Printed name

**McCormick, Barstow, Sheppard, Wayte & Carruth**
Firm name

**7647 North Fresno Street**
**Fresno, CA 93720**
Number, Street, City, State & ZIP Code

Contact phone    **559-433-1300**    Email address    **hagop.bedoyan@mccormickbarstow.com**

**131285 CA**
Bar number and State

## WRITTEN CONSENT OF THE DIRECTORS OF

## RIZO-LOPEZ FOODS, INC.

## (a California corporation)

The undersigned Directors (collectively, the "Director") of RIZO-LOPEZ FOODS, INC., a California corporation (the "Company"), hereby adopt the following resolutions by written consent, effective as of August 15, 2025.

**WHEREAS,** the Director has reviewed and considered the materials presented by and the recommendations of both the management of the Company and the Company's financial and legal advisors regarding the Company's liabilities and liquidity situation; and

**WHEREAS,** the Director has consulted with the Company's management and financial and legal advisors and has considered fully each of the strategic alternatives available to the Company; and

**WHEREAS,** the Director has received information and recommendations from, asked questions of, and consulted with the Company's management and financial and legal advisors, including in connection with the consideration of the strategic alternatives available to the Company; and

**WHEREAS,** in the Director's judgment, based upon the foregoing, it is desirable and in the best interest of the Company, the Company's creditors, directors, and other interested parties that the Company file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT RESOLVED,** that any of Edwin Rizo or Tomas Rizo (each, a "Director") is hereby authorized and directed, in the name and on behalf of the Company, to execute and verify a voluntary petition to commence a proceeding for the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in any district at such time and venue as the Director executing such petition shall determine;

**RESOLVED FURTHER,** that each Director is hereby authorized and directed, in the name and on behalf of the Company, to employ the law firm of McCormick Barstow LLP as general bankruptcy counsel to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Company's rights and obligations, and other matters consistent therewith, including filing any pleadings; and in connection therewith, each Director is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of McCormick Barstow LLP;

**RESOLVED FURTHER,** that each Director is hereby authorized and directed, in the name and on behalf of the Company, to employ The Stapleton Group as financial advisors

to advise and assist the Company in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Company's rights and obligations, and other matters consistent therewith; and in connection therewith, each Director is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of The Stapleton Group;

**RESOLVED FURTHER,** that each Director is hereby authorized and directed, in the name and on behalf of the Company, to employ any other professionals, including but not limited to a claims and noticing agent, to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, each Director is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED FURTHER,** that each Director is hereby authorized and directed, in the name and on behalf of the Company, to execute all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents, and to take any and all such other and further actions which such Manager or the Company's legal counsel may deem necessary, proper, or desirable in connection with the case under chapter 11 of the Bankruptcy Code and other matters consistent therewith, with a view to the successful prosecution of such case;

**RESOLVED FURTHER,** that each Director is hereby authorized and directed, in the name and on behalf of the Company, to take such actions and to make, sign, execute, acknowledge, and deliver any and all such additional documents, agreements, affidavits, applications for approvals or rulings of governmental or regulatory authorities, motions, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may be reasonably required to give effect to the foregoing resolutions and to consummate the transactions contemplated by the foregoing resolutions, to execute and deliver such instruments, and to fully perform the terms and provisions thereof; and

**RESOLVED FURTHER,** that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by a Director on behalf of the Company, such actions are hereby ratified and confirmed in their entirety.

**RESOLVED FURTHER,** that any executed copy of these authorizing resolutions that is delivered by a facsimile transmission, in PDF format by electronic mail, or by DocuSign, Adobe Acrobat Sign, or other commercially available digital signature software, shall be deemed as effective as a written consent with an original signature for all purposes.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned, having caused this written consent to be executed and to be effective as of the date first written above.

Directors:

_____
Edwin Rizo

_____
Ivan Rizo

_____
Tomas Rizo

| Fill in this information to identify the case: |
| --- |

Debtor name     **Rizo-Lopez Foods, Inc.**

United States Bankruptcy Court for the:     EASTERN DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     9-10-25          x *(signature)*

Signature of individual signing on behalf of debtor

**Edwin Rizo**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Rizo-Lopez Foods, Inc. |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF CALIFORNIA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Sargento Foods, Inc.** c/o Sarah L. Brew **Faegre Drinker Biddle & Reath LLP 90 S. Seventh Street Minneapolis, MN 55402** | **Sarah L. Brew, Esq.** sarah.brew@ faegredrinker.com (612) 766-7000 | **Recall** | **Unliquidated Disputed** | | | $58,730,443.00 |
| **Castle Importing 14550 Miller Ave. Fontana, CA 92336** | **Marc Zadra** mzadra@ castleimporting.com (909) 428-9200 | **Recall** | **Unliquidated Disputed** | | | $4,798,722.00 |
| **Pacific Cheese-Hayward 21090 Cabot Blvd. Hayward, CA 94545** | **Jonathan Franco** jfranco@ pacificcheese.com (510) 784-8800 | **Recall** | **Unliquidated Disputed** | | | $3,776,000.00 |
| **Reser's Fine Foods, Inc.** dba Fresh Creative Foods c/o Sussman Shank, LLP **1000 SW Broadway Bldg., #1400 Portland, OR 97205** | **Sean R. McClendon** smcclendon@ sussmanshank.com (503) 227-1111 | **Recall** | **Unliquidated Disputed** | | | $3,690,358.00 |
| **Amy's Kitchen, Inc. PO Box 4759 Petaluma, CA 94955** | **Tim Griffin** tim.griffin@amys.com (707) 781-7543 | **Recall** | **Disputed** | | | $2,964,424.00 |

Debtor **Rizo-Lopez Foods, Inc.**

Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Wells Fargo Bank N.A.** 299 S. Main St., 60th Floor Salt Lake City, UT 84111 | **Greg Mondon** gmondon@ wellsfargo.com (385) 415-8221 | **Leasehold Improvement Loan** | | $2,275,894.00 | $0.00 | $2,275,894.00 |
| **Wells Fargo Equipment Finance, Inc.** MAC 539828-034 2700 S. Price Rd. Chandler, AZ 85286 | **Melissa Harris** melissa.k.harris@ wellsfargo.com (480) 887-5079 | **Equipment Loans** | | $4,875,592.00 | $3,600,000.00 | $1,275,592.00 |
| **Jimenez Mexican Foods, Inc.** 20343 Harvill Ave. Perris, CA 92570 | **Veronica Jimenez** veronica@ jimenezfoods.com (951) 351-0102 | **Business Debt** | | | | $697,567.00 |
| **Latitude 36 Foods** 300 El Sobrante Rd. Corona, CA 92879 | **Michelle Shaw** mshaw@ latitude36food.com (951) 817-2300 | **Recall** | **Unliquidated Disputed** | | | $646,466.00 |
| **R&D Incentives Group** 725 S. Figueroa St., Ste. 2250 Los Angeles, CA 90017 | bchang@ rdincentivesgroup.com (310) 883-4859 | **Unpaid fees** | | | | $548,510.00 |
| **Prime Meats** 2150 Boggs Rd., Ste. 500 Duluth, GA 30096 | **Gabriel Ruiz** gruiz@primemeats.com (404) 421-8154 | **Business Debt** | | | | $481,677.00 |
| **Wells Fargo Bank, N.A.** 299 S. Main St., 60th Floor Salt Lake City, UT 84111 | **Greg Mondon** gmondon@ wellsfargo.com (385) 415-8221 | **Line of Credit secured by UCC on A/R and Inventory** | | $2,818,786.00 | $2,400,000.00 | $418,786.00 |
| **Pacific Gold Milk Producers, Inc.** P.O. Box 1403 Ripon, CA 95366 | **Mary Brehm** mary@pacificgoldmilkpr oducers.com (209) 679-6710 | **Business Debt** | | | | $325,000.00 |
| **NorCal Construction** 1465 Ellerd Dr. Turlock, CA 95380 | **Luis Orellana** l-orellana@ sbcglobal.net (209) 667-2400 | **Business Debt** | | | | $295,199.74 |

Debtor   __Rizo-Lopez Foods, Inc._____          Case number *(if known)* _____
               Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Stanislaus County Tax Collector PO Box 1003 Modesto, CA 95353** | **Donna Riley**<br><br>**rileyd@stancounty.com (209) 525-6388** | **Personal Property Taxes** | | | | **$292,293.00** |
| **Chemco Products Company 6401 Alondra Blvd. Paramount, CA 90723** | **Jeff Stanhope**<br><br>**jeff@chemcoprod.com (562) 602-2116** | **Vendor** | | | | **$282,754.00** |
| **Crystal Creamery PO Box 883369 Los Angeles, CA 90088** | **LaTonia Haynes**<br><br>**lhaynes@ crystalcreamery.com (209) 576-3400** | **Trade Debt** | | | | **$227,595.00** |
| **Dairy Farmers of America 2637 Collection Center Dr. Chicago, IL 60693** | **Johnny Hiramoto**<br><br>**jhiramoto@dfamilk.com (951) 493-4926** | **Trade Debt** | | | | **$199,837.00** |
| **Jimenes Food, Inc. 7046 Jackson St. Paramount, CA 90723** | **Justin Campos**<br><br>**jimenesfood@ hotmail.com (562) 602-2505** | **Trade Debt** | | | | **$168,377.00** |
| **Rana Meal Solutions, LLC 1370 Brewster Creek Blvd. Bartlett, IL 60103** | **Matthew Sheahin**<br><br>**msheahin@ lavellelaw.com (630) 233-2300** | **Trade Debt** | **Unliquidated Disputed** | | | **$159,768.00** |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| In re<br>Rizo-Lopez Foods, Inc.<br><div align="right">Debtor(s).</div> | Bankruptcy Case No. *(If known)* : |
|---|---|

| *The following additional information is required when filing this form in an adversary proceeding.* | |
|---|---|
| v.<br><div align="right">Plaintiff(s),</div><br><div align="right">Defendant(s).</div> | Adversary Proceeding No. *(If known)* : |

## STATEMENT REGARDING OWNERSHIP OF CORPORATE DEBTOR/PARTY

Rizo-Lopez Foods, Inc.
<div align="center"><em>[Insert name of corporate debtor/party]</em></div>

**Check one:**   ☒ **DEBTOR**      ☐ **PLAINTIFF**      ☐ **DEFENDANT**      ☐ OTHER *(specify)*: _____

*Instructions: Federal Rule of Bankruptcy Procedure (FRBP) 7007.1 requires corporate parties to an adversary proceeding, other than the debtor or a governmental unit, to file a statement of corporate ownership with the first pleading filed. FRBP 1007(a)(1) requires corporate debtors to file with the petition a corporate ownership statement containing the information described in Rule 7007.1. Check **one** of the statements set forth below and provide any information as directed.*

☐ 1. **The following corporations directly or indirectly own 10% or more of any class of the above-named corporate debtor's/party's equity interest:**

    *Name:* _____
    *Address:* _____

    *Name:* _____
    *Address:* _____

    *Name:* _____
    *Address:* _____

    *Name:* _____
    *Address:* _____

*(For additional names, attach an addendum to this form.)*

☒ 2. **There are no entities that directly or indirectly own 10% or more of any class of the above-named corporate debtor's/party's equity interest.**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 10, 2025

<div align="right">
<em>Edwin R.</em>

_____
Signature of Authorized Individual for Corporate Debtor/Party

Edwin Rizo
_____
Printed Name of Authorized Individual for Corporate Debtor/Party

Chief Executive Order
_____
Title of Authorized Individual for Corporate Debtor/Party
</div>

EDC 3-500 (New 12/2012)