McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
  *hagop.bedoyan@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
  *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Debtor RIZO-LÓPEZ FOODS,
INC.

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-25004-C-11 |
| RIZO-LÓPEZ FOODS, INC., | Chapter 11 |
| Debtor-In-Possession | DC No.: FWP-1 |
| | Hearing |
| | Date:    February 25, 2026 |
| | Time:    11:00 a.m. |
| | Place:    Dept. C, Ct. Rm. 35, 6th Fl. |
| |           United States Bankruptcy Court |
| |           501 "I" Street |
| |           Sacramento, CA 95814 |
| | Judge:  Honorable Christopher M. Klein |

## RIZO-LOPÉZ FOODS, INC.'S LIMITED OPPOSITION TO RESER'S FINE FOODS, INC. d/b/a FRESH CREATIVE FOODS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Debtor and Debtor-in-possession Rizo-Lopéz Foods, Inc. ("Debtor" or "RLF") hereby

submits this limited opposition to Reser's Fine Foods, Inc. d/b/a Fresh Creative Foods' ("Reser's")

motion for relief from the automatic stay to continue litigation in the United States District Court

for the District of Oregon to Recover Insurance Proceeds (the "Motion"). Reser's requests an order

lifting the automatic stay for the sole purpose of allowing its litigation pending in the United States

District Court for the District of Oregon against the Debtor to continue to final judgment (the

"Oregon Litigation") and then satisfy any judgment against insurance proceeds from Debtor's insurance policies. While the Debtor does not oppose granting Reser's relief to liquidate its claim in the Oregon Litigation, such relief should not include allowing Reser's to pursue recoveries from insurance. The Motion should be denied or granted on a limited basis.

## I.　JURISDICTION AND VENUE

1.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter has been referred to this Court by the District Court pursuant to 28 U.S.C. § 157(a) and Gen. Order Nos. 182 (May 14, 1985) and 223 (E.D. Cal. Oct. 22, 1987), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The Debtor consents to entry of a final order by this Court.

## II.　LAW AND ARGUMENT

2.　"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell ... It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 346, 351 (9th Cir. 1996). The automatic stay protects both a debtor and its creditors. *Id.* "Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors." *Id.* "The policy underlying the automatic stay is to protect the debtor's estate from the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation." *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (citation and quotation marks omitted).

3.　In the Ninth Circuit, the 12 *Curtis* factors are analyzed to determine whether the automatic stay should be lifted to allow litigation against the Debtor in another forum to continue.

4.　Of the 12 *Curtis* factors, factors 5, 7, 11 and 12 weigh in favor of denying the Motion insofar as it seeks to satisfy any judgment against insurance proceeds.

/ / /

/ / /

/ / /

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

**A.** **Factor 5 – Whether The Debtor's Insurance Carrier Has Assumed Full Financial Responsibility For Defending The Litigation**

5.     Debtor's insurance carriers have not assumed full financial responsibility, and in fact are denying coverage exists.  See, Motion, Pars. 12 and 18.  This factor weighs against granting the Motion.

**B.** **Factor 7 – Whether Litigation In Another Forum Would Prejudice The Interests Of Other Creditors, The Creditors' Committee And Other Interested Parties**

6.     This factor weights against granting stay relief since it would give Reser's an unfair advantage over all remaining creditors. Such a result runs counter to the second purpose of the automatic stay recognized by the Ninth Circuit—namely, "to provide an orderly liquidation procedure under which all creditors are treated equally" rather than "a race of diligence by creditors for the debtor's assets." *In re Conejo Enters., Inc.*, 96 F.3d at 352 (quoting H.R. Rep. 95–595, at 340).

7.     Even if Reser's were to stipulate or otherwise agree that it would not execute any judgment against insurance proceeds, Reser's would still have an advantage over the thousands of other creditors because it would nonetheless *have* a judgment. In the worst-case scenario where this bankruptcy case is dismissed, Reser's would be ahead of the game.

**C.** **Factor 11 – Whether The Foreign Proceedings Have Progressed To The Point Where The Parties Are Prepared For Trial**

8.     The Motion states that the Oregon Litigation is not trial ready, and thus this factor weighs against granting the Motion.

**D.** **Factor 12 – The Impact Of The Stay On The Parties And The "Balance Of Hurt"**

9.     The Debtor, its Estate, and the thousands of other creditors who did not receive notice of the Motion would be severely impacted if the stay were lifted and the Oregon Litigation were allowed to continue.  This factor weighs against granting the Motion.

10.     The estate's potential claimants number in the thousands, and all of them may have an interest in the proceeds from the Debtor's insurance policies. There is currently no way to determine how modification of the automatic stay in this Motion may affect these other creditors. Since this Motion was not served on all potentially interested parties, these parties have not been

RIZO-LOPÉZ FOODS, INC.'S LIMITED OPPOSITION TO RESER'S FINE FOODS, INC. d/b/a FRESH CREATIVE FOODS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  provided the opportunity to object to the Motion or otherwise determine the effect such relief may

2  have on their interests.

3     11.    The uncertainty surrounding the terms and conditions of the insurance coverage

4  applicable to all potential creditors impacts the advisability of granting all the relief Reser's requests

5  at this time.

6  **III.    CONCLUSION**

7     12.    For the foregoing reasons, this Court should deny the Motion. The relief Reser's

8  requests would prejudice thousands of other potential claimants and the amount of insurance

9  proceeds available to any claimant has not yet been determined (if there are any).

10    13.    If this Court does grant Reser's Motion, it should do so in part *only* to allow the

11  Oregon Litigation to continue to final judgment. Reser's would not be prejudiced by this limitation.

12  Once Reser's obtains a final judgment, Reser's may seek further relief or instructions from this

13  Court.

14     Respectfully submitted,

16  Dated: February 11, 2026                McCORMICK, BARSTOW, SHEPPARD,
                                            WAYTE & CARRUTH LLP

18                            By: _____

19                                            Hagop T. Bedoyan
20                                            Garrett R. Leatham
                                              Garrett J. Wade
21                                Attorneys for Debtor RIZO-LÓPEZ FOODS, INC.

22  042026-000000 12409443.1

4

RIZO-LÓPEZ FOODS, INC.'S LIMITED OPPOSITION TO RESER'S FINE FOODS, INC. d/b/a FRESH
CREATIVE FOODS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY