Frank Alvarado (SBN 276466)
ALVARADO LAW
9150 Las Tunas Drive
Temple City, CA 91780
888-408-9528
Email: frank@alvaradolawgroup.com

Attorney for Castle Importing Inc.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RIZO-LÓPEZ FOODS, INC.,<br><br>　　　　　　　Debtor. | Case No.: **25-25004-C-11**<br><br>Chapter 11<br><br>DCN: FJA-1<br><br>Date: February 25, 2026<br>Time: 11:00 a.m. (PST)<br>Dept.: C<br><br>Judge: Honorable Christopher M. Klein |

**CASTLE IMPORTING, INC'S LIMITED OBJECTION TO RESER'S FINE FOODS, INC. d/b/a FRESH CREATIVE FOODS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

　　　Castle Importing Inc., ("Castle") hereby submits its limited objection to Reser's Fine Foods, Inc. d/b/a Fresh Creative Foods' ("Reser's") motion for relief from the automatic stay to continue litigation in the United States District Court for the District of Oregon to Recover Insurance Proceeds (the "Motion") [Dkt. No. 372; DC No. is FWP-1]. Castle opposes any order lifting the stay on the litigation pending in the United States District Court for the District of Oregon (the "Oregon Litigation") as such relief would prejudice Castle and the Debtor. Castle does not object to an order lifting the automatic stay for the sole purpose of allowing Reser's to pursue claims

against the Debtor's insurance policies. However, Castle concurs with the Committee of Unsecured Creditors that any relief granted to Reser's should be done in a way that allows all claimants to pursue claims against the Debtor's insurance policies. Castle intends to file its own motion requesting relief from stay for this purpose.

**STATEMENT OF FACTS**

1. On September 15, 2025, the Debtor filed this case under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. On November 22, 2024, Reser's filed a complaint against the Debtor and Castle Importing in the United States District Court for the District of Oregon (Case no. 3:24-cv-01963-SB) (the "District Court Case") seeking damages resulting from the Listeria contamination (the "Complaint").

3. On January 14, 2025, Castle filed a crossclaim against Rizo-Lopez Foods, Inc. in the District Court Case seeking damages resulting from the Listeria contamination. Castle alleges that all of Reser's claims against Castle are a result of the Listeria contamination spread by the Debtor.

**INTRODUCTION**

This Opposition presents a straightforward but dispositive issue: although framed as a third-party insurance issue, the claims and actions at issue in the Oregon Litigation are, in substance, based primarily on the alleged conduct of the Debtor. As a result, permitting the Oregon Litigation to proceed would necessarily require substantial discovery directed at the Debtor. In other words, the Debtor would not serve as a nominal party or mere conduit; rather, it would be the central focus of the litigation.

Such litigation activity in the Oregon Litigation would directly interfere with the administration of this bankruptcy case. Extensive discovery obligations would divert the Debtor's time, resources, and attention away from its reorganization efforts, while simultaneously increasing administrative expenses of the estate. Whether through the financial burden of defense costs or the

operational distraction imposed by litigation demands, continuation of the Oregon Litigation would materially prejudice the Debtor and undermine the prospects for a successful reorganization.

## MEMORANDUM

**(A)     Application of the Curtis Factors Compels Denial of Relief from the Automatic Stay.**

In determining whether "cause" exists to grant relief from the automatic stay, courts routinely consider the factors set forth in *In re Curtis*. Application of those factors strongly supports denial of relief in the Oregon Litigation.

First, continuation of the Oregon Litigation would substantially interfere with the administration of this bankruptcy case. Due to the nature of the allegations made against it, Castle would necessarily pursue discovery against the Debtor, diverting the Debtor's time, attention, and resources away from reorganization efforts. Permitting the Oregon Litigation to proceed would undermine the orderly administration of the estate and hinder the Debtor's ability to focus on restructuring.

Second, the Debtor would not merely function as a passive conduit in the Oregon Litigation. Although the litigation is framed in part as an effort to establish liability potentially covered by insurance, most, if not all, discovery would be directed toward the Debtor. Moreover, several insurers have denied coverage and others have issued reservations of rights. Given the uncertainty and potential absence of coverage, the Oregon Litigation action may not resolve all issues and could instead require further litigation regarding insurance obligations. This weighs against granting relief.

Third, the Oregon Litigation action is in its early stages. The case it not yet at issue. No trial date has been set, and substantial discovery has not yet commenced. Judicial economy does not favor lifting the stay where the proceedings are not advanced and the bankruptcy case provides a centralized forum for resolving claims. Further, Castle, along with Reser's and other claimants, wishes to pursue claims against the Debtor's insurance policies, but believes that this relief must be provided in a way that sets up a fair and equitable process so that there is not a "race to insurance" that favors the speedy.

Fourth, no final judgment could be obtained in the Oregon Litigation without the claims being adjudicated against the Debtor as well.

Finally, the balance of harms favors maintaining the stay in the Oregon Litigation for the purpose of allowing Reser's to pursue its claims in the Oregon Litigation. Allowing the litigation to proceed would increase administrative expenses of the estate and unnecessarily consume the Debtor's counsel's time and resources. In contrast, maintaining the stay preserves estate assets and promotes efficient case administration.

For all of these reasons, application of the Curtis factors demonstrates that cause does not exist to grant relief from the automatic stay.

## CONCLUSION

In the event relief from the automatic stay is granted, Castle would be compelled to seek relief from the stays itself to prevent prejudice and avoid a race to the courthouse among competing claimants. Such piecemeal litigation would undermine the orderly administration of the estate. For all of these reasons, the Court should deny the Motion in its entirety.

Dated: February 11, 2026                    ALVARADO LAW

                                                               /s/ Frank Alvarado
                                                               Frank Alvarado
                                                               Attorney for Castle Importing, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned, counsel for Castle Importing Inc., hereby certifies that the foregoing Limited Objection of Castle Importing Inc to Motions for Relief from Stay Filed by Reser's Fine Foods, Inc. d/b/a Fresh Creative Foods was served electronically on February 11, 2026 via the Court's ECF system upon those parties who receive ECF notice in this case.

/s/ Frank Alvarado
Frank Alvarado