KATHLEEN A. HARRISON, ESQ., CA BAR NO. 190880
KATHRYN E. SMITH, ESQ., CA BAR NO. 327919
HEROLD & SAGER
550 Second Street, Suite 200
Encinitas, CA  92024
Telephone: 760-487-1047
Facsimile: 760-487-1064
Email: lsager@heroldsagerlaw.com
Email: ksmith@heroldsagerlaw.com
Email: kharrison@heroldsagerlaw.com

Attorneys for EVEREST INDEMNITY INSURANCE COMPANY

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RIZO-LÓPEZ FOODS, INC.,<br><br>　　　　Debtor in Possession. | CASE NO. 25-25004<br><br>Chapter 11<br><br>DCN: FWP-1<br><br>Date:　　　February 25, 2026<br>Time:　　　11:00 a.m.<br>Location:　Courtroom 35 (Dept. C)<br>Judge:　　Hon. Christopher M. Klein |

**EVEREST INDEMNITY INSURANCE COMPANY'S LIMITED OBJECTION TO MOTIONS FOR RELIEF FROM AUTOMATIC STAY FILED BY RESER'S FINE FOODS, INC. D/B/A FRESH CREATIVE FOODS AND SARGENTO FOODS, INC. AND <u>SARGENTO CHEESE, INC.</u>**

　　　　EVEREST INDEMNITY INSURANCE COMPANY ("Everest") hereby submits this limited objection to the motions for relief from stay filed by Reser's Fine Foods, Inc. dba Fresh Creative Foods ("Reser's") [Dkt. No. 372] and Sargento Foods, Inc. and Sargento Cheese, Inc. (collectively, "Sargento") [Dkt. No. 399] (collectively, the "Motions").

## I. STANDING

　　　　1.　　In the Motions, Reser's and Sargento's each seek entry of an order for relief from the automatic stay to permit them to continue litigation in their respective pending actions for the

purpose of liquidating their claims and proceeding against available insurance proceeds from liability policies issued to the Debtor, Rizo-Lopez Foods, Inc. ("Rizo"), including policies issued by Everest. [Dkt. No. 372, pp. 2 & 4; Dkt. No. 399, pp. 1 & 4].

2. Given Reser's and Sargento intend to seek recovery for any liquidated claims from Everest, among other insurers, Everest is a "party in interest" and, therefore, has standing to assert its limited objection to the Motions. 11 U.S.C. § 1109(b); *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 144 S. Ct. 1414, 219 L.Ed.2d 41 (2024) (finding that when a proposed action in a bankruptcy case "allows a party to put its hands into other people's pockets, the ones with the pockets are entitled to be fully heard and to have their legitimate objections addressed." *In re Global Indus. Technologies, Inc*., 645 F.3d 201, 204 (C.A.3 2011)).

## II. STATEMENT OF FACTS

### A. Rizo's Chapter 11 Voluntary Petition

3. On September 15, 2025, Rizo filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 of the United States Bankruptcy Code in this Court. As a result of the filing, the automatic stay under 11 U.S.C. § 362(a) went into effect, staying, among other things, the continuation of pending litigation against it.

### B. Pending District Court Litigation Stayed under 11 U.S.C. § 362(a)

4. Prior to the bankruptcy filing, on or about March 8, 2024, Sargento filed a civil action against Rizo in the United States District Court for the Eastern District of Wisconsin, entitled *Sargento Foods Inc., et al. v. Rizo-Lopez Foods, Inc.*, Case No. 2:24-cv-00308-PP (the "*Sargento* Action"), alleging causes of action for (1) Breach of Contract – Recalled Product, (2) Breach of Contract – Failure to Indemnify, (3) Breach of Express Warranty, (4) Breach of Implied Warranty of Fitness for a Particular Purpose, and (5) Breach of Implied Warranty of Merchantability. The *Sargento* Action remains pending but has been stayed by operation of § 362(a).

5. Separately, on or about November 22, 2024, Reser's filed a civil action against Rizo and Castle Importing, Inc. in the United States District Court, District of Oregon, Portland Division, entitled *Reser's Fine Foods, Inc. d/b/a Fresh Creative Foods v. Rizo-Lopez Foods, Inc., et al.*, Case No. 3:24-cv-01963-SB (the "Reser's Action"), alleging causes of action for (1) Unlawful Trade

Practices Act (ORS 646.638), (2) Negligent Misrepresentation, (3) Negligence, and (4) Strict Liability. The *Reser's* Action remains pending but has been stayed by operation of § 362(a).

### C. Other Recall-Related Claims Against Rizo

6. In addition to the claims by Reser's and Sargento, other creditors have recall-related alleged property damage claims, including but not limited to, Amy's Kitchen, Castle Importing, Latitude 36 Foods, and Pacific Cheese. [Dkt. No. 155, pp. 107-120]. There are also numerous recall-related alleged bodily injury claims. [Id.]

### D. The Everest Policies

7. Everest issued commercial excess liability policy numbers XC1EX00444-231 effective January 1, 2023 to January 1, 2024, and XC5EX01961-241, effective January 1, 2024 to January 1, 2025, to Rizo Lopez Foods, Inc. ("Rizo") (collectively, the "Everest Policies"). [Dkt. No. 372, Ex. 2, pp. 62-68; Dkt. No. 399, Ex. 2, pp. 90-96]. The Everest Policies provide for limits of $10 million each occurrence and $10 million aggregate, excess of underlying insurance. [Id.]

## III. LAW AND ARGUMENT

8. While Everest does not have an objection to Reser's and Sargento's obtaining relief from the stay to liquidate their claims against Rizo to pursue recovery from available insurance, if any, to the extent covered, Everest objects to representations in the Motions regarding applicable insurance policies and limits, applicable policy language, and Reser's and Sargento's interpretation of same. [Dkt. No. 372, ¶¶ 12-16; Dkt. No. 399, ¶¶11-16]. Everest also objects to the characterization that insurance coverage or policy limits are available for Reser's and Sargento's claims. [Dkt. No. 372, ¶¶11-12, 18; Dkt. No. 399, ¶¶10, 17.] Such representations are not consistent with the Everest Policies. Coverage for Reser's and Sargento's claims, if any, under the Everest Policies is subject to the provisions of the policies, including the terms, conditions, exclusions, limitations and endorsements of the policies. Such issues are not properly before this Court and as such should not be included in any order addressing relief from stay.

9. Everest also objects to the relief sought by Reser's and Sargento to the extent they are asking the Court for an order allowing them to seek a determination of their rights to payment of their claims from the policies' proceeds and receive payment of their claims under the policies in

1. their respective District Court actions. [Dkt. No. 372, ¶20(b) & (c); Dkt. No. 399, ¶18(b) & (c)]. A determination of Reser and/or Sargento's alleged rights, if any, with respect thereto is not properly before this Court, nor are the issues of the proper forum, jurisdiction and venue for any such alleged rights properly before this Court, and as such, these issues should not be included in any order addressing the requests for relief from stay. As such, their requests should be denied.

10. To the extent the Court grants relief from the stay to Reser's and Sargento, such relief should be limited to permitting Reser's and Sargento to liquidate their claims for the purpose of pursuing any available insurance proceeds, if any, to the extent of coverage, if any, in accordance with the provisions of any applicable policies and applicable law. The request to have the right to insurance coverage adjudicated and/or payment issued to Reser's and Sargento in their pending litigation outside of the bankruptcy court should be denied. Further, Reser's and Sargento's requests for waiver of the 14-day stay period imposed by Fed. R. Bankr. Proc. 4001(a)(4) should be denied.

## IV. CONCLUSION

Everest hereby respectfully requests that, to the extent relief from the automatic stay is granted to Reser's and Sargento, any Order thereon include language limiting any such relief to only permit liquidation of their claims for the purpose of pursuing any available insurance proceeds, if any, to the extent of coverage, if any, in accordance with the provisions of any applicable policies and applicable law. Everest further respectfully requests that any Order thereon include language establishing that nothing in the Order: (a) determines the existence, scope, or availability of the insurance policies or insurance proceeds, if any, applicable to Reser's or Sargento's claims which shall be determined solely by the provisions of the insurance policies, including but not limited to the terms, conditions, exclusions, limitations and endorsements of the insurance policies, as well as applicable law; (b) addresses or adjudicates any alleged wrongdoing or alleged liability by any person or entity; or(c) waives or impairs any rights, claims, or defenses of the Debtor, its estate, or its insurers, all of which are preserved.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: February 18, 2026 | HEROLD & SAGER |

By: *[signature: Kathleen A. Harrison]*

KATHLEEN A. HARRISON, ESQ.
KATHRYN E. SMITH, ESQ.

Attorneys for EVEREST INDEMNITY INSURANCE COMPANY