Matthew J. Antonelli (CA Bar No. 343144)
RUGGERI PARKS WEINBERG LLP
201 Spear Street. Suite 1100
San Francsico, CA 94105
Tel: (415) 492-0998
Fax: (202) 984-1401
mantonelli@ruggerilaw.com

Joshua D. Weinberg *(pro hac vice forthcoming)*
RUGGERI PARKS WEINBERG LLP
1875 K St NW, Suite 800
Washington, D.C 20006
Tel: (202) 984-1400
Fax: (202) 984-1401
jweinberg@ruggerilaw.com

*Counsel for Great American
Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| In re: | No. 25-25004-C-11 |
|---|---|
| Rizo-Lopez Foods, Inc., | Chapter 11 |
| Debtor | Hon. Christopher M. Klein |

**RESPONSE OF GREAT AMERICAN INSURANCE COMPANY IN TO MOTION OF SARGENTO FOODS INC. AND SARGENTO CHEESE, INC. FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT CONTINUED LITIGATION IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN AND TO RECOVER INSURANCE PROCEEDS**

Great American Insurance Company ("GAIC") respectfully submits this brief statement in response to the *Motion of Sargento Foods, Inc. and Sargento Cheese, Inc. For Entry of an Order Modifying the Automatic Stay to Permit Continued Litigation in the United States District Court for the Eastern District of Wisconsin and to Recover Insurance Proceeds* [D.I. 399] (the "Motion").

GAIC did not oppose the Motion and takes no position on whether the Court should grant relief from stay on the Motion or any other motion for stay relief currently before the Court. GAIC writes solely to identify for the Court two factors that GAIC respectfully submits, based on

1

its perspective, the Court should consider in fashioning appropriate relief, to the extent the Court decides that it is appropriate to do so.

First, the availability of insurance coverage for these claims may be the subject of intense dispute. As the Court is aware, the availability of insurance coverage is determined by the terms and conditions of the insurance contracts. As Movants note, the liability insurers, including GAIC, have reserved their right to decline to provide indemnity coverage for these claims. And the policies contain a number of terms, conditions and exclusions that may place these product liability/recall claims outside coverage. For example, the policies only cover claims arising from "property damage" or "bodily injury" that occurs during the policy period, as those terms are defined in the policies, and typically do not cover speculative economic damages such as loss of future earnings. Likewise, some of the policies contain Organic Pathogen exclusions that limit or eliminate coverage for damage caused by organic materials. Consequently, there may not be coverage for many of the claims that are currently asserted against the Debtor. To be sure, this Court is not being called upon to decide those issues. But from GAIC's perspective, it is critical to note that claimants will not be able to try their claims against the debtor and simply collect any judgment from insurance as the pending motions suggest.

Second, to the extent that there is insurance coverage for these claims, such coverage is finite. The claims being made against the Debtor likely are a significant multiple of any available coverage. That is particularly true in this case because the insurance policies at issue have policy limits – "occurrence" limits and "aggregate" limits – that limit the amount any insurance policy can be obligated to pay, both for any one incident and in total. The effect of these limits is that payment by an insurer to any one claimant reduces the amounts that an insurer can be obligated to pay for all remaining claims. To the extent that one claimant is permitted to obtain a judgment that an insurer may be required to pay (or demands that an insurer settle and pay a claim), that will undoubtedly affect the recoveries of other, similarly situated claimants. If the Court determines that stay relief is appropriate, therefore, GAIC submits that litigation should be limited to evidencing the proper amount of an allowed claim, and that the parties should not be permitted to take judgments (or demand that insurers pay settlements) that attempt to put them at the head

2

of the line in a preferred position vis-à-vis other creditors.

    GAIC is informed and believes that, prior to the petition date, many of the parties in interest here – the Debtor, a number of claimants and insurers – were moving forwards towards mediation aimed at resolving the pending recall claims as well as what insurance proceeds would be available to satisfy them. GAIC submits that proceeding with a broad mediation to address these issues is not only the best way to avoid the proverbial "race to the courthouse" that is anathema to bankruptcy, but that provides all parties in interest with the most expedient path towards resolution.

    GAIC looks forward to addressing these issues with the Court.

Dated: February 18, 2026　　　　　　　　/s/ *Matthew J. Antonelli*

                                      Matthew J. Antonelli (CA Bar No. 343144)
                                      RUGGERI PARKS WEINBERG LLP
                                      201 Spear Street. Suite 1100
                                      San Francsico, CA 94105
                                      Tel: (415) 492-0998
                                      Fax: (202) 984-1401
                                      mantonelli@ruggerilaw.com

                                      Joshua D. Weinberg *(pro hac vice forthcoming)*
                                      RUGGERI PARKS WEINBERG LLP
                                      1875 K St NW, Suite 800
                                      Washington, D.C 20006
                                      Tel: (202) 984-1400
                                      Fax: (202) 984-1401
                                      jweinberg@ruggerilaw.com

                                      *Counsel for Great American*
                                      *Insurance Company*