McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
   *hagop.bedoyan@mccormickbarstow.com*
Garrett R. Leatham, #333362
   *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
   *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Proposed Attorneys for Debtor in Possession
RIZO-LÓPEZ FOODS INC.

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-25004-C-11 |
| RIZO-LÓPEZ FOODS, INC., | Chapter 11 |
| Debtor in Possession | DC No.: CAE-1 |
| | Hearing |
| | Date: March 9, 2026<br>Time: 11:00 a.m.<br>Place: Dept. C, Ct. Rm. 35, 6th Fl.<br>United States Bankruptcy Court<br>501 "I" Street<br>Sacramento, CA 95814<br>Judge: Honorable Christopher M. Klein |

## **CHAPTER 11 STATUS CONFERENCE STATEMENT**

     Rizo Lopez Foods, Inc. (the "<u>Debtor</u>" or "<u>RLF</u>"), the debtor and debtor in possession in the above captioned chapter 11 case ("<u>Bankruptcy Case</u>"), hereby submits this Chapter 11 Status Conference Statement (the "<u>Status Conference Statement</u>") pursuant to this Court's *Order re Chapter 11 Status Conference and Notice Thereof* [ECF 04] ("<u>Status Conference Order</u>").

///

///

///

## I. BACKGROUND

### A. Description of Rizo Lopez Foods, Inc.

1. Please refer to the Debtor's last several Chapter 11 Status Conference Statements that have been filed in this case. [ECF 68, 248, 287, 337, 381, 417, and 463]

2. Additional information regarding the Debtor's business, capital structure, and the circumstances preceding the Petition Date may be found in the Edwin Rizo Declaration [ECF 7].

## II. DISCUSSION OF ITEMS IDENTIFIED IN THE STATUS CONFERENCE ORDER

### A. Administrative Solvency, Professional Fees, and § 503(b)(9) Claims

3. **Administrative Solvency.** The Debtor anticipates it will remain administratively solvent for the period covered by the three-week budget through the week ending April 3, 2026 (the "CC Budget"), attached as an exhibit to the *Tenth Declaration of Edwin Rizo in Support of Motion to Use Cash Collateral and grant Adequate Protection* filed concurrently with this Status Conference Statement.

4. **Professional Fees.** The Court has the approved the employment of McCormick Barstow, LLP ("Debtor's Counsel), Donlin Recano & Company (Debtor's Administrative Advisor), Stapleton Group (Debtor's Financial Advisor), Juarez and Company (Debtor's Accountant), Glass Ratner Advisory & Capital Group, LLC (Committee's Financial Advisor), Tucker Ellis LLP (Committee Counsel) and Hyman, Phelps & McNamara, P.C. (Debtor's Special Counsel for FDA Matters, "Hyman Phelps").

5. With the exception of any accrued professional fees for Committee Counsel and Committee's Financial Advisor, who have yet to file their first interim fee applications, all professionals, who filed their first interim fee applications, had their applications approved (as reduced) on an interim basis on January 14, 2026 [ECF 350, 352, 354 and 356]. All four of the approved interim fee orders only authorized payment equal to ninety percent (90%) of the fees sought and one hundred percent (100%) of the costs. Those approved fees (90%) and costs were paid by the Debtor immediately after the orders were entered.

6. Hyman, Phelps & McNamara, P.C. filed its first interim fee application on February 19, 2026 [ECF 442] seeking interim approval for fees in the amount of $32,373.00 and no costs.

McCormick Barstow filed its second interim fee application on February 24, 2026 [ECF 451] requesting interim approval for fees in the amount of $69,175.00 and no costs. Juarez and Company filed its second interim fee application on February 24, 2026 [ECF 458] requesting interim approval for fees in the amount of $27,545.50 and no costs. The Stapleton Group filed its second interim fee application on February 25, 2026 [ECF 468] requesting interim approval for fees in the amount of $88,779.00 and no costs. All four (4) applications have scheduled hearings for March 25, 2026, at 11:00 a.m.

7. **Section 503(b)(9) Claims**. A Motion to Allow and Pay Allowed Administrative Expense Claims Pursuant to 11 U.S.C. §503(b)(9) [MB-12] was filed on October 3, 2025 [ECF 119] and dismissed on November 28, 2025 [ECF 243].

B. **Motions for Relief from the Automatic Stay**

8. On or around January 23, 2026, Reser's Fine Foods filed a motion for relief from stay to continue litigation in the United States District Court for the District of Oregon to Recover Insurance Proceeds (FWP-1) (the "Reser's Motion"). This matter came on for hearing on February 25, 2026, and has been continued to March 25, 2026, at 11:00 a.m.

9. On or about February 3, 2026, Sargento Foods, Inc. and Sargento Cheese, Inc. filed a motion for relief from stay to permit continued litigation in the United States District Court for the Eastern District of Wisconsin with regard to a recall (QB-1) (the "Sargento Motion"). This matter came on for hearing on February 25, 2026, and has been continued to March 25, 2026, at 11:00 a.m.

10. On or about February 6, 2026, Sherill Hernandez Sorto, et al. filed a motion for relief from stay to continue litigation in the United States District Court of Clark County, Nevada for the purposes of liquidating their claim and pursuing recoveries only from insurance relating to an automobile accident (the "Sorto Motion") (DJP-1). This matter came on for hearing on February 25, 2026, and has been continued to March 25, 2026, at 11:00 a.m.

11. **Motions Under 11 U.S.C. § 365(d)(3) or (d)(4)**

12. No such motions have been filed to date, but on January 7, 2026, the Debtor filed its Motion to Extend Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property [ECF 319]. This matter was heard on February 25, 2026, at 11:00 a.m. and the motion was granted.

The extended deadline for Debtor to assume or reject unexpired, nonresidential leases is now April 13, 2026. The Debtor is the tenant under three nonresidential real property leases for its Modesto (2) and Gardena locations. Since the lessors under the three leases are the Debtor's insiders, no postpetition lease payments have been. The Debtor's insider lessors have agreed to defer such payments for and, if the proposed sale is approved, have agreed to waive all prepetition lease obligations and subordinate all postpetition lease obligations to a sizable payment to the holders of general unsecured claims. As part of the Debtor's ongoing discussions to sell its assets to the proposed buyer, the Debtor expects that all three nonresidential real property leases will be terminated.

### C. Status of any Stipulations or Motions to Use Cash Collateral or Obtain Credit

13. The Court has approved the Debtor's motion for cash collateral use (MB-6) and for secured postpetition financing (MB-07) on an interim basis, and has continued both matters to March 9, 2026, at 11:00 a.m. The Debtor plans to appear at the Status Conference on March 9, 2026, and request further interim orders authorizing cash collateral use in accordance with the terms of the CC Budget, and secured postpetition financing through the week ending April 3, 2026, and continue both matters to the Court's April 1, 2026, calendar at 11:00 a.m. Existing borrowing from Edwin and Ivan Rizo will not be increased beyond the current $2,900,000 amount through the week ending April 3, 2026.

### D. Employment of Professionals

14. See discussion, supra.

### E. Motions to Convert, Dismiss, or Appoint a Chapter 11 Trustee

15. A Motion to Convert to Chapter 7 [MB-16] was filed by the Debtor on October 27, 2025 [ECF 202] and will be heard the same day as this Status Conference. The Debtor will appear at the Status Conference and request that the motion be continued to April 1, 2026, at 11:00 a.m.

### F. Intentions Concerning Reorganization Plan and Timetable for Disclosure Statement and Plan

16. Once a sale is concluded, the Debtor will either file a liquidating plan with the creation of a trust for the unsecured creditors or simply have its case converted to Chapter 7.

17. On January 7, 2026, the Debtor filed the Debtor's Motion for Order Extending Exclusivity Periods [ECF 323] and noticed it for hearing on February 11, 2026, at 11:00 a.m. [ECF 324]. The Debtor had requested an extension of time to file its plan of reorganization and solicit votes to April 13, 2026, and June 15, 2026, respectively. This motion was denied.

G. **Monthly Operating Reports, Debtor-in-Possession Accounts, Payment of U.S. Trustee's Quarterly Fees, and Proof of Insurance**

18. **Monthly Operating Reports**. The Debtor has filed all of its Monthly Operating Reports. The first being filed on October 21, 2025 [ECF 176]; the second also filed on October 21, 2025 [ECF 179]; the third report was filed on November 21, 2025 [ECF 232]; the fourth report was filed on December 22, 2025 [ECF-280]; fifth report was filed on January 22, 2026 [ECF 371]; an amended November, 2025 report was filed on January 23, 2026 [ECF 380]; and an amended January 31, 2026 report was filed on February 24, 2026.

19. **Debtor-in-Possession Accounts.** The Debtor currently maintains debtor-in-possession bank accounts at Bank of America.

20. **U.S. Trustee's Fees**. All quarterly fees that have come due have been paid by the Debtor.

21. **Proof of Insurance**. The Debtor has provided the U.S. Trustee with proof of insurance and has made the U.S. Trustee a party to receive notice.

H. **Any Other Matters Which Might Materially Affect Case Administration**

22. Given the magnitude of potential consumer and recall claims (approx. 5,000) associated with a Listeria related recall of its products, the Debtor believes that global mediation among the large recall creditors, such as Sargento, Reser's and its insurance carriers will probably be necessary before a plan of reorganization can be confirmed. The current deadlines for filing claims are January 21, 2026, and March 16, 2026, for non-governmental and governmental creditors, respectively.

23. The Debtor has finally concluded negotiations for an Asset Purchase Agreement ("APA") with a buyer that is majority owned by a third party (60%) and minority owned indirectly by Ivan and Edwin Rizo (40%), and signatures have been exchanged. I&E McClure, LLC will

contribute to the sale the land and buildings upon which the Debtor operates its cheese factory.

24. The proposed sale transaction structure continues to contemplate payment in full of secured, administrative, and priority claims and preserves a meaningful recovery for general unsecured creditors.

25. Debtor expects to file a motion seeking authority to sell substantially all of its assets to the proposed buyer free and clear of liens by private sale next week and have the matter heard as early as April 1, 2026.

Respectfully submitted,

Dated: March 6, 2026

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
Attorneys for Debtor RIZO-LÓPEZ FOODS INC.

042026-000000 16035410.1