McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
  *hagop.bedoyan@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
Garrett J. Wade, #340285
  *garrett.wade@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

*Attorneys for the Debtor,*
*RIZO-LÓPEZ FOODS, INC.*

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-25004-C |
| RIZO-LÓPEZ FOODS, INC., | Chapter 11 |
| Debtor in Possession | DCN:   MB-29 |
| | Hearing |
| | Date:   April 1, 2026 |
| | Time:   11:00 a.m. |
| | Place:   Dept. C, Ct. Rm. 35, 6th Fl. |
| | United States Bankruptcy Court |
| | 501 "I" Street |
| | Sacramento, CA 95814 |
| | Judge:   Honorable Christopher M. Klein |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND INTERESTS AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO FRANCISCO FOODS, LLC

RIZO-LÓPEZ FOODS, INC., the debtor and debtor in possession (the "Debtor" or "RLF") in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this motion (this "Motion") for entry of an order approving the private sale by the Debtor of all of its assets, as more particularly described in the Asset Purchase Agreement (the "APA") and below (collectively, the "Subject Assets"), free and clear of liens and interests and approving the assumption and assignment of certain executory contracts and unexpired leases to Francisco Foods, LLC, a Delaware limited

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

4921-7283-0870v.7 0126646-000001

liability company (the "Buyer").[1] This Motion is supported by the concurrently filed *Memorandum of Points and Authorities in Support of Debtor's Motion for Entry of an Order Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens and Interests and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Francisco Foods, LLC* (the "Memorandum"), the *Declaration of Edwin Rizo* (the "Rizo Decl.") filed concurrently with this Motion, and all Exhibits thereto, each in support of the Motion, as well as the *Declaration of Edwin Rizo in Support of Chapter 11 Petition and the Debtor's First Day Motions* [ECF 7] (the "Rizo Background Decl.") and the *Declaration of Michael Bergthold* in Support of the Motion (the "Bergthold Decl."). In further support, the Debtor respectfully states as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter has been referred to this Court by the U.S. District Court, Eastern District of California, pursuant to 28 U.S.C. § 157(a) and the *Order[s] Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, Gen. Order Nos. 182 (May 14, 1985) and 223 (E.D. Cal. Oct. 22, 1987). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor consents to this Court's entry of final orders and judgments in connection with this Motion.

3.      The statutory bases for the relief requested are 11 U.S.C. §§ 105(a), 363(b), 363(f)(2)-(5), 365, 1107 and 1108[2] (the "Bankruptcy Code"), Rules 2002 and 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rules of Practice ("LBR") 1001-1(f), 2015-2, 9014.

---

[1] All capitalized terms used but not defined in this Motion shall have the meaning given to them in the Order Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens and Interests and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Francisco Foods, LLC, or the Asset Purchase Agreement, attached hereto as Exhibit A and Exhibit B, respectively. References to Schedules refer to the Schedules that are attached to the APA.

[2] Unless otherwise indicated, all chapter and section references are to Title 11 of the United States Code (the "Bankruptcy Code").

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4921-7283-0870v.7 0126646-000001

## II.   RELIEF REQUESTED

4.     The Debtor requests this Court enter an order approving the sale of the Subject Assets for the aggregate consideration of $35,000,327.51, consisting of: (a) cash ($14,186,240.00); (b) the assumption of liabilities owed to the Rizo Parties on account of the DIP financing facility agreement ($2,900,000.00); (c) the assumption of the Wells Fargo TI Loan Agreements and all debts owed to Wells Fargo pursuant thereto ($2,361,374.00); (d) the waiver of the Rizo Parties and their Affiliates' rights to payment for prepetition loan and lease obligations ($15,552,713.51); and (e) the subordination of postpetition lease obligations owed by the Debtor to the Rizo Parties and their Affiliates to the aggregate payment of $1,000,000.00 to the holders of general unsecured claims. The Debtor further requests authority to (i) pay closing costs and transfer taxes, (ii) pay or reserve for capital gains taxes, and (iii) waive the 14-day stay provided in Fed. R. Bankr. P. 6004(h). The Debtor also requests that the Court modify LBR 9014-1(d)(5) to allow joining of multiple requests for relief in this Motion. Attached to the Declaration of Michael Bergthold as Exhibit C is a chart that describes sources and uses for the aggregate consideration the Debtor will receive if the Buyer's bid is approved (the "Waterfall").

5.     The Debtor also requests that the Court approve the Debtor's assumption and assignment of certain executory contracts and unexpired leases in accordance with the Assumption and Assignment Procedures set forth in the Memorandum and the APA.

6.     A proposed form of order (the "Proposed Order") is attached to the Exhibit List in support of this Motion as Exhibit A. A fully executed copy of the APA is attached to the Exhibit List as Exhibit B.

## III.   BACKGROUND

7.     The Debtor commenced this Bankruptcy Case by filing a voluntary chapter 11 petition on September 15, 2025 (the "Petition Date"). The Debtor remains in possession of its estate and neither a trustee nor an examiner has been requested or appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. On September 19, 2025, the Office of the United States Trustee ("UST") appointed a statutory committee of unsecured creditors (the "Committee") in this case pursuant to 11 U.S.C. § 1102(a).

McCORMICK, BARSTOW.
SHEPPARD, WAYTE &
CARRUTH LLP
7547 NORTH FRESNO STREET
FRESNO, CA 93720

3

4921-7283-0870v.7 0126646-000001

ECF 89.

8. Information regarding the circumstances leading to the commencement of the Bankruptcy Case and the Debtor's business operations and structure is set forth in the Rizo Background Decl. [ECF 7].

9. Since the commencement of the Bankruptcy Case, the Debtor has worked diligently to stabilize operations and explore all available options. Following the prepetition Listeria-related recall and temporary operational suspension, the Debtor maintained continuous operations, kept its plant running five days a week, and preserved employment for approximately 154 dedicated employees. Although the Monthly Operating Reports filed by the Debtor reflect operating losses of $940,109.00 (Sept. 2025), $990,715.00 (Oct. 2025), $885,766.00 (Nov. 2025), $671,510.00 (Dec. 2025), and $897,136.00 (Jan. 2026) [ECF 176, 232, 280, 371, 380, 449, and 450, respectively], the Debtor's perseverance in maintaining operations has preserved the going-concern value of the business and positioned it for a successful sale that will maximize recoveries for all creditors.

10. The Debtor's principals, Edwin and Ivan Rizo (the "Rizo Parties"), demonstrated their commitment to the estate by extending a secured credit facility approved by the Court on an interim basis on September 19, 2025, for an amount not to exceed $3,230,000.00 [ECF 67]. The Rizo Parties' postpetition financial support, which is anticipated to total $2,900,000.00 in advances as of the date of requested entry for the Order, enabled the Debtor to maintain operations and preserve the value of its assets for the benefit of all creditors. Rizo Decl. ¶ ___. Additionally, the Rizo Parties and their Affiliates deferred both prepetition and postpetition lease payments and debt service on the debtor-in-possession loan, and elected to forgo compensation for their services, contributions that have directly supported the Debtor's ability to present this Sale Motion.

11. Both before and after the commencement of the Bankruptcy Case, the Debtor's financial advisors, Stapleton Group, a part of J.S. Held ("Stapleton"), conducted an extensive and exhaustive search for potential investors, strategic partners, and purchasers for the Debtor's business. Prior to the commencement of the Bankruptcy Case, Stapleton assisted the Debtor in engaging RA Capital, an investment banker to explore both equity and debt investments. Stapleton's comprehensive marketing efforts over the past two years included outreach to numerous

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

4921-7283-0870v.7 0126646-000001

potential acquirers in the dairy and food manufacturing industries, as well as private equity firms and strategic buyers. The bid submitted by the Buyer represents the highest and best offer received after this thorough marketing process and is the culmination of Stapleton's diligent efforts.

12. The Proposed Sale represents the optimal outcome for the Debtor's stakeholders, providing results far superior to any alternative. Indeed, the Debtor has had a motion to convert this case to chapter 7 on the docket for months. The transaction is the sole available solution which provides for the full payment of secured, administrative and priority creditors and a meaningful distribution to general unsecured creditors through the private sale set forth in this Motion.

## IV.    THE PROPOSED SALE

### A.    Assets To Be Sold

13. The following assets will be sold to Buyer free and clear of liens and interests (the "Purchased Assets"):

(a) all Inventory;

(b) all equipment, furniture, appliances, industrial artwork, computers, computer terminals and printers, information technology systems, and office equipment, and all other tangible personal property of every kind and description listed in a Schedule to the APA;

(c) all Intellectual Property, including without limitation all trademarks, designs, logos, labels, label artwork, label content, marketing and advertising content or materials, website content, domain names, or URLs, images, photographs, illustrations, drawings, or any other work product created for or used in connection with the Business, source code, domain names, and all goodwill associated with the Business and all Intellectual Property associated therewith or arising therefrom, along with any and all: (i) associated licenses and sublicenses obtained by Seller (i.e. where Seller is the licensee or sublicensee) with respect thereto and rights thereunder; (ii) rights to receive license fees and royalties (including under any executory contract that is not an Assigned Contract to the extent the counterparty continues to perform thereunder); (iii) remedies against infringements thereof and rights to protection of interests therein under the laws of all jurisdictions; and (iv) Actions, Claims, and causes of action with respect to any of the foregoing, whether accruing before, on, or after the date hereof, including all rights to and Actions, Claims, for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, dilution, misappropriation, violation, misuse, breach, or default, with the right, but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages;

(d) all Seller's right, title, and interest in and to the Assigned Contracts that are listed on the Designated Contracts Schedule;

(e) all Permits (to the extent legally transferable) and all Governmental Permits (whether or not transferable);

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

4921-7283-0870v.7 0126646-000001

(f)      all Records except the Excluded Records;

(g)      all sales, marketing, and development and expansion plans, strategic plans, projections, studies, reports, and other documents and data, current and past lists of customers, suppliers, vendors, and sources, and all training materials and marketing brochures;

(h)      without duplication of the above, all deposits and other prepaid charges and expenses, other than those specified in the APA as Excluded Assets;

(i)      rights to indemnification, contribution, advancement of expenses or reimbursement, or similar rights of Seller;

(j)      all Actions and rights of recovery with respect to any of the foregoing, including all Actions and rights of recovery of Seller against the Rizo D&Os and the Rizo Parties and Buyer or any of its Affiliates; provided, however, Purchased Assets shall not include any other avoidance actions or causes of action under applicable California and bankruptcy law against other parties;

(k)      all insurance policies and rights thereunder and all insurance proceeds arising in connection with loss of or damage to the Purchased Assets or other loss or damage in respect of the operation of the facilities used in the Business or the Business, in each case, to the extent of any casualties occurring during the Interim Period that remain unrepaired or unrestored as of the Closing; provided, however, Purchased Assets shall not include the proceeds paid or payable to Seller and related rights to a defense and indemnification of legal fees and costs with respect to insurance recoveries related to the Recall Matter as set forth in the APA below for any period prior to the Closing Date;

(l)      all rights of Seller under any Intellectual Property assignment, work-for-hire, and assignment of inventions with current or former employees, directors, consultants, independent contractors, and agents of Seller;

(m)      all Accounts Receivable relating to goods or services provided by Seller prior to, on, or after the Closing Date;

(n)      the goodwill relating to or associated with the Purchased Assets;

(o)      all guarantees, warranties, indemnities, and similar rights in favor of Seller with respect to any of the Purchased Assets; and

(p)      any other assets listed in the Schedules to the APA.

14.      The proposed sale excludes the following assets (collectively, "Excluded Assets"):

(a)      All proceeds paid or payable to Seller along with a right to a defense and indemnification for legal fees and costs with respect to insurance recoveries related to the Recall Matter for any period prior to the Closing Date;

(b)      All prepaid expenses and deposits arising in connection with the Business, to the extent non-transferable, including but not limited to unused retainers paid to Seller's professionals related to the Bankruptcy Case;

(c)    Any cash or cash equivalents whatsoever, whether on hand, in banks or elsewhere;

(d)    All Contracts that are not Assigned Contracts;

(e)    The Leases, which shall be deemed terminated upon Closing. All unpaid prepetition lease obligations shall be waived by the Rizo Parties and any Affiliate; and all unpaid postpetition lease obligations shall be subordinated to a payment of $1,000,000.00 to the holders of general unsecured claims;

(f)    Seller's employee benefit plans, employment agreements, and related liabilities to any Seller employee including any wages, salaries, vacation or other paid time off liabilities, or termination liabilities;

(g)    All claims, rights, defenses, offsets, recoupments, causes of action, credits, immunities or rights of set-off against third parties arising prior to the Closing Date with respect to the Excluded Assets or the Excluded Liabilities;

(h)    All claims and causes of action against third parties other than the claims and causes of action expressly included in the Purchased Assets;

(i)    All minute books, seals, stock records, tax returns, tax records, and all other books and records related to the Excluded Assets or necessary for Seller to conclude the administration of the Bankruptcy Case (the "Excluded Records");

(j)    All tax refunds, and all rights or other tax benefits arising from Seller's net operating losses arising prior to the Closing Date, subject to Section 9.7(c)(iii) of the APA;

(k)    All refundable tax credits set forth in Section 2301 of the Coronavirus Aid, Relief and Economic Security Act of 2020, Pub. L. No. 116-136 issued to Seller (the "ERTC Credit");

(l)    Any assets that Buyer elects not to purchase by written notice delivered to Seller prior to the Closing Date, provided that such election shall not reduce the Aggregate Consideration (each, an "Excluded Asset Notice"); and

(m)    Any other assets listed on **Schedule 2.2(l) of the APA.**

B.    **The Proposed Buyer and Material Terms of the APA**

15.    The Buyer, Francisco Foods, LLC, is a Delaware limited liability company that will be majority owned by Valley Milk, LLC ("VM") (60%), a well-established dairy industry participant, while Rilosa, LLC (40%) (which is wholly owned by the Rizo Parties) will be the minority owner. The Buyer has the financial capability, industry expertise, and operational know-how to successfully operate the Business and preserve employment for the Debtor's workforce. As noted above, the Buyer will pay the Aggregate Consideration of $35,000,327.51 for the Purchased Assets, consisting of $14,186,240.00 in cash and the assumption of liabilities in the amount of

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

4921-7283-0870v.7 0126646-000001

$5,261,374.00. In addition, the Rizo Parties and their Affiliates will waive outstanding prepetition liabilities of $15,552,713.51 and subordinate their unpaid postpetition lease obligations (in the approximate amount of $400,000.00) to a payment of $1,000,000.00 to holders of general unsecured claims.[3]

16.     The Sale of the Purchased Assets will be free and clear of liens and interests pursuant to 11 U.S.C. § 363(f).

17.     In addition, the Buyer will assume certain executory contracts and unexpired leases, other contracts, and permits (collectively, the "Agreements") pursuant to designation procedures, which shall include the Debtor's calculation of the amounts necessary to cure any monetary defaults under such Agreements (the "Cure Amounts").

18.     For the avoidance of doubt, any recall-related insurance as well as causes of action against third parties other than the Rizo Parties and their Affiliates, including avoidance actions under the Bankruptcy Code, shall be excluded assets and remain with the estate for the benefit of unsecured creditors.

### C.    Liens and Other Interests

19.     Wells Fargo Bank, N.A.  Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance ("WFB") hold a first priority security interest in all of the Debtor's inventory, accounts, equipment and general intangibles, whether owned now or acquired later, pursuant to various UCC-1 filings in the approximate current amount of $8,295,027.00. The assets encumbered by the WFB liens are included in the proposed sale to the Buyer and the WFB liens will be paid in full from the sale proceeds.

20.     Rizo Parties and Affiliates. As of the Petition Date, the Rizo Parties and their Affiliates held a second priority security interest in various assets of the Debtor pursuant to a UCC-1 recorded June 11, 2024 in the approximate amount of $2,640,000.00. Schedule D ¶¶ 2.3, 2.5. At the present time, the total amount owed to the Rizo Parties and their Affiliates is approximately

---

[3] The APA is attached to the Exhibit List as Exhibit B. The terms of the APA are summarized herein for the convenience of the Court and parties in interest. To the extent that there are any discrepancies, the terms of the APA shall govern.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

4921-7283-0870v.7 0126646-000001

$15,552,713.51. This amount includes prepetition unpaid lease obligations owed to the two Affiliate lessors. The Rizo Parties and their Affiliates have consented to the proposed sale to the Buyer and will waive the $15,552,713.51 in total prepetition liabilities.

21.     Debtor-in-Possession Loan (the "DIP Loan").  The DIP Loan, approved by the Bankruptcy Court during the Bankruptcy Case, in the current principal amount of $2,900,000.00 will be paid in full from the sale proceeds.

22.     Blower Dempsay Corporation dba Pak West Paper and Packaging.  As of the Petition Date, Blower Dempsay Corporation dba Pak West Paper and Packaging ("BDC") held a junior priority security interest in all property subject to enforcement of a money judgment against the Debtor to which a judgment lien on personal property may attach under C.C.P. § 697.530 pursuant to a judgment lien recorded on April 10, 2025, in the approximate amount of $18,686.36.  Schedule D ¶ 2.1.  The assets encumbered by the BDC lien are included in the Proposed Sale and the BDC lien will be paid in full from the sale proceeds.

23.     Rexel USA.  As of the Petition Date, Rexel USA ("Rexel") held a junior priority security interest in all property subject to enforcement of a money judgment against the Debtor to which a judgment lien on personal property may attach under C.C.P. § 697.530 pursuant to a judgment lien recorded on July 14, 2025, in the approximate amount of $23,412.65.  Schedule D ¶ 2.6.  The assets encumbered by the Rexel lien are included in the Proposed Sale and the Rexel lien will be paid in full from the sale proceeds.

24.     Stanislaus County Tax Collector.  The Stanislaus County Tax Collector has asserted a personal property tax lien against the Debtor's business assets, and on February 20, 2026, filed a secured proof of claim in the amount of $391,705.42 (Claim No. 45).  This secured claim will be paid in full from the sale proceeds.

## V.     LEGAL AUTHORITY

### A.     Sale of Property Pursuant to § 363

25.     11 U.S.C. § 1107 gives a chapter 11 debtor in possession all rights and powers of a trustee, other than the right to compensation under § 330, and requires the debtor in possession to perform all functions and duties of a trustee, except those specified in § 1106(a)(2), (3), and (4).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

4921-7283-0870v.7 0126646-000001

26. 11 U.S.C. § 363 provides that "[t]he trustee [or debtor in possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1). A sale under section 363(b)(1) must be supported by a valid business justification. *240 N. Brand Partners, Ltd. v. Colony GFP Partners*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983)). The sale must also be in good faith. *Id.* at 659 (citing *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)). "'Good faith' encompasses fair value, and speaks to the integrity of the transaction. Typical 'bad faith' or misconduct, would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers." *Id.* at 659 (quoting *Wilde Horse Enters., Inc.*, 136 B.R. at 842).

27. Proposed sales under 11 U.S.C. § 363(b) are reviewed to determine whether they are: (1) in the best interests of the estate resulting from a fair and reasonable price; (2) supported by a valid business judgment; and (3) proposed in good faith. *In re Alaska Fishing Adventure, LLC*, 594 B.R. 883, 887 (Bankr. D. Alaska 2018) (citing *240 N. Brand Partners, Ltd.*, 200 B.R. at 659; *In re Wilde Horse Enters., Inc.*, 136 B.R. at 841). In the context of sales of estate property under § 363, a bankruptcy court "should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms." *Alaska Fishing*, 594 B.R. at 889 (quoting 3 Collier on Bankruptcy ¶ 363.02[4] (Richard Levin & Henry J. Sommer, 16th ed.)). "[T]he trustee's business judgment is to be given 'great judicial deference.'" *Id.* (citing *In re Psychometric Sys., Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007); *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998)). In this case, the Debtor submits that a private sale is warranted and that introducing an auction process would be counterproductive. Specifically, an auction would risk the loss of the committed Buyer, introduce delay and incremental administrative expense that the estate cannot bear, and could jeopardize the Buyer's committed financing. The Debtor, with the assistance of its advisors, has determined that proceeding with the private sale is in the best interests of the estate and its creditors.

28. Here, along with Valley Milk, LLC, the sixty-percent (60%) equity interest holder of the Buyer, the Rizo Parties indirectly own forty-percent (40%) of the Buyer by reason of having

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4921-7283-0870v.7 0126646-000001

contributed to the Buyer the land and buildings owned by I&E McClure, LLC, the Debtor's lessor. Although the Rizo Parties are insiders of the Debtor, potentially subjecting this sale to heightened scrutiny, the proposed sale easily satisfies any such scrutiny and is clearly in the best interests of the estate. Indeed, this transaction is the best result the estate could have hoped for. The transaction offers an exceptional value of $35,000,327.51 in Aggregate Consideration-the highest and best offer received after an extensive two-year marketing process. With the assistance of Stapleton and its attorneys, the Debtor engaged in rigorous, good-faith, arm's-length negotiations with the Buyer, resulting in a transaction that maximizes value for creditors. The Aggregate Consideration consists of a cash purchase price of $14,186,240.00, assumed liabilities of $5,261,374.00, and waived liabilities of $15,552,713.51 for a total Aggregate Consideration of $35,000,327.51. Importantly, the Rizo Parties and their Affiliates have also agreed to subordinate all unpaid postpetition lease obligations owed to I&E McClure, LLC and R.L. Gardena, LLC (in excess of approximately $400,000.00) to an aggregate payment of $1,000,000.00 to the holders of general unsecured claims-a significant concession that directly benefits unsecured creditors and underscores the Rizo Parties' commitment to ensuring that all creditor classes benefit from this transaction.

29.    The Debtor has not received a higher or otherwise better offer for the Purchased Assets despite Stapleton's comprehensive marketing efforts. The Buyer's offer represents the maximum achievable value for the Debtor's assets under current market conditions. The price offered is fair and reasonable, reflects the true value of the assets, and the marketing effort undertaken by the Debtor and its professionals was specifically designed to-and did-yield the highest possible price for the Purchased Assets.

30.    The proposed sale will achieve remarkable results for the estate's creditors. The transaction is anticipated to pay one hundred percent (100%) of all secured claims, administrative claims, and priority claims, while also delivering $1,000,000.00 to the holders of general unsecured claims that was by no means guaranteed. This is precisely the outcome that a successful chapter 11 case should produce: full recovery to senior creditors while still providing meaningful value to junior creditors. Additionally, the estate will retain valuable assets including the Debtor's insurance policies and all claims against non-insider third parties (including avoidance actions under the

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

4921-7283-0870v.7 0126646-000001

Bankruptcy Code), preserving additional potential recoveries for creditors.

31. Under 11 U.S.C. § 363(f), the trustee or debtor in possession may sell property of the estate outside the ordinary course of business, after notice and a hearing, free and clear of "any interest in such property of an entity other than the estate, only if—" among other things, "such entity consents; . . . such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; . . . [or] such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." § 363(f)(2), (3), (5).

32. Here, as noted above, the Rizo Parties have consented to the sale of the Purchased Assets free and clear of their prepetition liens. All other secured creditors will be paid in full from the proceeds of the sale since the price at which the Purchased Assets will be sold is greater than the aggregate value of all other liens.

**B.    Waiver of Rule 6004(h)**

33. The Debtor requests waiver of the fourteen-day stay of Fed. R. Bankr. P. 6004(h). Good cause exists to waive the stay because time is of the essence to consummate this exceptional transaction. The Buyer has committed substantial resources to this acquisition, and any delay could jeopardize the sale and deprive the estate and its creditors of this extraordinary opportunity to maximize value while maintaining the Debtor's operations as a going concern.

## VI.    CONCLUSION

For all of the foregoing reasons, the Debtor respectfully submits that this sale represents the highest and best offer for the Purchased Assets and is unequivocally in the best interests of the estate and all of its creditors. This transaction delivers the best possible outcome for the estate: full recovery to all secured, administrative, and priority creditors; a meaningful $1,000,000.00 distribution to general unsecured creditors; preservation of the Debtor's business as a going concern; and the retention of employment for the Debtor's workforce. The Debtor anticipates full consent from all creditor classes, reflecting the widespread recognition that this sale maximizes value for all stakeholders. The Debtor therefore respectfully prays for entry of an order:

1. Granting the Motion and entering the *Order Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens and Interests and Approving Assumption and Assignment*

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

4921-7283-0870v.7 0126646-000001

*of Certain Executory Contracts and Unexpired Leases to Francisco Foods, LLC* attached hereto as Exhibit A;

2. Authorizing the Debtor to sell the Purchased Assets to the Buyer for the Purchase Price of $14,186,240.00, plus the assumption of $5,261,374.00 of funded debt, plus the waiver of prepetition liabilities of $15,552,713.51, for a total Aggregate Consideration of $35,000,327.51 by private sale as described in the APA;

3. Approving the sale free and clear of the liens and interests identified above;

4. Authorizing the Debtor to pay the closing costs identified above, including any transfer taxes, and to pay or reserve for capital gains taxes;

5. Finding that the Buyer is a Good-Faith purchaser under Section 363(m) and that the Private Sale and negotiation of the APA were not controlled by or the product of collusion within the meaning of section 363(n);

6. Authorizing the Debtor to assume and assign certain executory contracts and unexpired leases in accordance with the procedures set forth in the Memorandum and APA;

7. Waiving the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h); and

8. Approving the assumption and assignment of contracts and leases to the Buyer; and

9. For such other and further relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted,

Dated: March 11, 2026

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
Hagop T. Bedoyan
Garrett R. Leatham
Garrett J. Wade
*Attorneys for the Debtor, RIZO-LÓPEZ FOODS, INC.*

042026-000000 16049871.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

4921-7283-0870v.7 0126646-000001